UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, formerly known as TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY, AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, formerly known as TRAVELERS INDEMNITY COMPANY OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION,<br><br>Defendants,<br><br>*and*<br><br>CENTURY INDEMNITY COMPANY, eventual successor in interest to INSURANCE COMPANY OF NORTH AMERICA,<br><br>Nominal Defendant. | 12-CV-03040 (KBF)(FM)<br><br><br><br>**DECLARATION OF JOHN F. SCANLON**<br><br><br><br><br><br>ECF CASE |

I, John F. Scanlon, declare as follows pursuant to 28 U.S.C. § 1746:

1.  I am an attorney at the law firm of Covington & Burling LLP, counsel to Defendant, Counterclaim/Crossclaim-Plaintiff Northrop Grumman Systems Corporation ("NGSC"). I am a member in good standing of the bars of the State of New York and the District of Columbia. This Declaration is submitted in support of Northrop Grumman Systems

Corporation's Motion for Partial Summary Judgment on Century's and Travelers' Duty to Defend the Town of Oyster Bay Action.

2. I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents relevant to its determination of NGSC's Motion for Partial Summary Judgment on Century's and Travelers' Duty to Defend the Town of Oyster Bay Action.

3. Attached hereto as Exhibit 1 is a true and correct copy of Indemnity Insurance Company of North America ("IINA") Policy No. 9 CGL 52305 M, which covers the period January 1, 1955 to January 1, 1956.

4. Attached hereto as Exhibit 2 is a true and correct copy of IINA Policy No. 9 CGL 72518 M, which covers the period January 1, 1956 to January 1, 1957.

5. Attached hereto as Exhibit 3 is a true and correct copy of IINA Policy No. 9 CGL 84727, which covers the period January 1, 1957 to January 1, 1958.

6. Attached hereto as Exhibit 4 is a true and correct copy of IINA Policy No. 9 CGL 96324, which covers the period January 1, 1958 to January 1, 1959.

7. Attached hereto as Exhibit 5 is a true and correct copy of IINA Policy No. 9 CGL 107602, which covers the period January 1, 1959 to January 1, 1960.

8. Attached hereto as Exhibit 6 is a true and correct copy of IINA Policy No. 9 CGL 122273, which covers the period January 1, 1960 to January 1, 1961.

9. Attached hereto as Exhibit 7 is a true and correct copy of Insurance Company of North America ("INA") Policy No. 9 CGL 175064, which covers the period January 1, 1961 to January 1, 1962.

10. Attached hereto as Exhibit 8 is a true and correct copy of Travelers Indemnity Company ("Travelers") Policy No. TRNSL-932208-68, which covers the period January 1, 1968 to January 1, 1969.

11. Attached hereto as Exhibit 9 is a true and correct copy of Travelers Policy No. T-RNSL-932208-69, which covers the period January 1, 1969 to January 1, 1974.

12. Attached hereto as Exhibit 10 is a true and correct copy of Travelers Policy No. TR-NSL-107T510-1-74, which covers the period January 1, 1974 to January 1, 1978.

13. Attached hereto as Exhibit 11 is a true and correct copy of Travelers Policy No. TR-NSL-162T582-2-78, which covers the period January 1, 1978 to January 1, 1980.

14. Attached hereto as Exhibit 12 is a true and correct copy of Travelers Policy No. TR-NSL-181T215-4-80, which covers the period January 1, 1980 to January 1, 1985.

15. Attached hereto as Exhibit 13(a) is a true and correct copy of the Certificate of Incorporation of Grumman Aircraft Engineering Corporation, dated December 5, 1929 and filed December 6, 1929.

16. Attached hereto as Exhibit 13(b) is a true and correct copy of a Certificate of Amendment of the Certificate of Incorporation of Grumman Aircraft Engineering Corporation, dated July 17, 1969 and filed July 23, 1969, which was obtained from the State of New York Department of State.

17. Attached hereto as Exhibit 13(c) is a true and correct copy of a Securities and Exchange Commission Form 8-K/A Current Report filed by Northrop Grumman Corporation, dated June 30, 1994, which was obtained from the U.S. Securities and Exchange Commission's EDGAR database.

18. Attached hereto as Exhibit 13(d) is a true and correct copy of the Certificate of Merger of Northrop Acquisition, Inc. into Grumman Corporation, dated May 18, 1994 and filed May 18, 1994, which was obtained from the State of New York Department of State.

19. Attached hereto as Exhibit 13(e) is a true and correct copy of the Certificate of Merger of Grumman Corporation into Northrop Grumman Corporation, dated September 30, 1996 and filed December 31, 1996, which was obtained from the State of New York Department of State.

20. Attached hereto as Exhibit 13(f) is a true and correct copy of the Delaware Certificate of Agreement and Plan of Merger, filed April 2, 2001, which was obtained from the Secretary of State of the State of Delaware.

21. Attached hereto as Exhibit 14 is a true and correct copy of the Complaint filed in a case entitled *Town of Oyster Bay v. Northrop Grumman Corp.*, No. 05 CV 1945 (E.D.N.Y.), which was obtained from PACER.

22. Attached hereto as Exhibit 15 is a true and correct copy of the Amended Complaint filed in a case entitled *Town of Oyster Bay v. Northrop Grumman Corp.*, No. 05 CV 1945 (E.D.N.Y.), which was obtained from PACER.

23. Attached hereto as Exhibit 16 is a true and correct copy of the Second Amended Complaint filed in a case entitled *Town of Oyster Bay v. Northrop Grumman Systems Corp.*, No. 05 CV 1945 (E.D.N.Y.), which was obtained from PACER.

24. Attached hereto as Exhibit 17 is a true and correct copy of a Memorandum and Order entered by U.S. District Court Judge Thomas C. Platt on May 21, 2010 in a case entitled *Town of Oyster Bay v. Northrop Grumman Sys. Corp.*, No. CV 05 1945 (E.D.N.Y.), which was obtained from PACER.

25. Attached hereto as Exhibit 18 is a true and correct copy of the Civil Docket for a case entitled *Town of Oyster Bay v. Northrop Grumman Systems Corporation*, No. 05 CV 1945 (E.D.N.Y.), which was obtained from PACER.

26. Attached hereto as Exhibit 19 is a true and correct copy of a letter dated June 14, 2005 from Brad Bartholomew of Aon to Charles M. Moran of St. Paul Travelers.

27. Attached hereto as Exhibit 20 is a true and correct copy of a letter dated February 9, 2006 from Gail Dalton of St. Paul Travelers to Don Owens of Northrop Grumman Corporation.

28. Attached hereto as Exhibit 21 is a true and correct copy of a letter dated March 22, 2006 from Gail Dalton of St. Paul Travelers to Don Owens of Northrop Grumman Corporation.

29. Attached hereto as Exhibit 22 is a true and correct copy of a letter dated March 14, 2007 from Gail Dalton of Travelers to Don Owens of Northrop Grumman Corporation.

30. Attached hereto as Exhibit 23 is a true and correct copy of a letter dated June 14, 2005 from Brad Bartholomew of Aon to Bob Russell of ACE USA/Resolute Management Inc. ("Resolute").

31. Attached hereto as Exhibit 24 is a true and correct copy of a letter dated June 8, 2006 from Brad Bartholomew of Aon to Bob Russell of ACE USA/Resolute.

32. Attached hereto as Exhibit 25 is a true and correct copy of a letter dated March 8, 2007 from Brad Bartholomew of Aon to Bob Russell of ACE USA/Resolute.

33. Attached hereto as Exhibit 26 is a true and correct copy of an email dated January 6, 2009 from Brad Bartholomew of Aon to Robert Russell of ACE USA/Resolute.

34. Attached hereto as Exhibit 27 is a true and correct copy of a letter dated May 21, 2012 from Jens Fog of Resolute to Brad Bartholomew of Aon and Jonathan Sokol of Greenberg Glusker Fields Claman & Machtiger LLP.

35. Attached hereto as Exhibit 28 is a true and correct copy of an email dated February 8, 2005 from Robert Russell of ACE USA/Resolute to Brad Bartholomew of Aon.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 4, 2013 in Washington, DC.

_____
John F. Scanlon