# Exhibit 43
# FILED UNDER SEAL

# Exhibit 44
# FILED UNDER SEAL

# Exhibit 45

NYD 003 995 198        2y

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

DATE: APR 5 1983

SUBJECT: Review of Financial Assurance Submitted by Gruman Aerospace Corporation

FROM: Helen S. Beggun
Chief, Grants Administration Branch

TO: Ernest A. Regna
Chief, Solid Waste Branch

We have reviewed the Financial Assurance documents submitted by Gruman Aerospace Corporation located at 1111 Stewart Avenue in Bethpage, New York 11714. The company is using the Corporate Guarantee (as specified in 40 CFR §264.143 (f), 264.145(f) and 264.151(h)) to demonstrate financial assurance of the closure cost for the following facilities which are owned or operated by subsidiaries of Grumman Aerospace Corporation and are located in Region II:

| EPA ID Number | Facility Name | Location | Closure Cost |
|---|---|---|---|
| NYD002047967* | Gruman Aerospace Corp. | Mail Station B08-30 Bethpage, N.Y. | $450,000 |
| NYD003995198 | Gruman Aerospace Corp. (NWIRP DOD 466) | Swan Pond Road Calverton, Long Island N.Y. | $25,000 |
| NYD096924113* | Gruman Aerospace Corp. (Plants 43 & 44) | Sunrise Highway & Connetquot Ave Great River, Town of Islip, N.Y. | $25,000 |
| NYD096921358 | Call Data Long Island Center | 280 Crossways Park Drive Woodbury, N.Y. | $10,000 |
| | | Total = | $510,000 |

Grumman Aerospace Corporation has furnished a certificate of third party liability insurance (Travelers Indemnity Company) for sudden accidental occurrences (as specified in 40 CFR §264.147(a) and 264.151(j)) in the amounts of $1 million per occurrence and $2 million annual aggregate for each of the above facilities. A certificate of third party liability insurance (Travelers Indemnity Company) has also been furnished for nonsudden accidental occurrences (as specified in 40 CFR §264.147(b) and 264.151(j)) in the amounts of $3 million per occurrence and $6 million annual aggregate for the aforementioned facilities further identified with an asterisk(*).

Based on our review of Grumman Aerospace Corporation's consolidated balance sheet and statement of income for the fiscal year ended December 31, 1981, and their certificates of liability insurance, we have determined that the owner has complied with the requirements in Subpart H of Part 264, Title 40 of the Federal financial requirements for owners and operators of hazardous waste treatment, storage and disposal facilities.

NGINS001881108

# Exhibit 46

EXHIBIT JJ

*Active - New York*
*From: General Liability*
*Poll. Endt. 19390*

# THE TRAVELERS



ONE TOWER SQUARE
HARTFORD, CONNECTICUT 06115

May 18, 1970

The Honorable Richard E. Stewart
Superintendent of Insurance
State Insurance Department
123 William Street
New York, New York 10038

Att: Mr. Jack Malmuth
Chief, Rating Division

Dear Superintendent Stewart:

Limitation of Coverage for Pollution
Endorsement 19390  Form No. C-14026
The Travelers Indemnity Company
The Phoenix Insurance Company
The Charter Oak Fire Insurance Company
Equitable Fire and Marine Insurance Company

Pollution has become a national concern. Governments, from Federal to local, citizens, from the President to the non-voting youth, are all aware of the many forms of pollutants and their potential disastrous effects if controls are not quickly implemented.

The insurance industry must also express its awareness of this threat to our environment and act in support of efforts to eliminate intentional and expected pollution. It is the intent of these Companies to protect its general liability insureds only for unknown and unintentional polluting. To afford broader coverage would be contrary to public policy and an abdication of our social responsibility.

In order to implement this program as rapidly as possible, we are not suggesting a specific effective date, but will use it as soon as we receive your acknowledgment or approval. We wish the Limitation of Coverage for Pollution Endorsement to apply to all general liability insurance except personal liability insurance. An Explanatory Memorandum is attached which describes the endorsement and its usage in more detail.

PLAINTIFF'S
EXHIBIT
REEVES -9-17-59
NO. 3

TRBCCCLS1S03

-2-

Because it is in the public interest, we do not anticipate that you will question the need for this endorsement, but please phone collect (203-277-3204) if you should have any questions concerning its use.

One copy of this filing is included for each authorized Company in your state with one additional copy for you to return for our files. A return envelope is included for your convenience.

Very truly yours

Richard C. Reeves
Assistant Secretary
Government Affairs Division

RCR:LMT
Encs.

TR#000091S04

# Exhibit 47

# THE TRAVELERS



ONE TOWER SQUARE
HARTFORD, CONNECTICUT 06115

May 18, 1970

RECEIVED

MAY 2 0 1970

W. Va. Ins. Dept.

The Honorable Samuel H. Weese
Insurance Commissioner
State of West Virginia
Insurance Department
1800 Washington Street
Charleston, West Virginia  25305

Dear Commissioner Weese:

Limitation of Coverage for Pollution
Endorsement 19390  Form No. C-14026
The Travelers Indemnity Company
The Phoenix Insurance Company
The Charter Oak Fire Insurance Company
Equitable Fire and Marine Insurance Company

Pollution has become a national concern.  Governments, from Federal
to local, citizens, from the President to the non-voting youth, are
all aware of the many forms of pollutants and their potential disas-
trous effects if controls are not quickly implemented.

The insurance industry must also express its awareness of this threat
to our environment and act in support of efforts to eliminate inten-
tional and expected pollution.  It is the intent of these Companies to
protect its general liability insureds only for unknown and uninten-
tional polluting.  To afford broader coverage would be contrary to
public policy and an abdication of our social responsibility.

In order to implement this program as rapidly as possible, we are not
suggesting a specific effective date, but will use it as soon as we
receive your acknowledgment or approval.  We wish the Limitation of
Coverage for Pollution Endorsement to apply to all general liability
insurance except personal liability insurance.  An Explanatory Memoran-
dum is attached which describes the endorsement and its usage in more
detail.

0000114

119

-2-

Because it is in the public interest, we do not anticipate that you
will question the need for this endorsement, but please phone collect
(203-277-3204) if you should have any questions concerning its use.

One copy of this filing is included for each authorised Company in
your state with one additional copy for you to return for our files.
A return envelope is included for your convenience.

Very truly yours

Richard C. Reeves
Assistant Secretary
Government Affairs Division

RCR:LMT
Encs.

0000115

120



EXPLANATORY MEMORANDUM

Limitation of Coverage for Pollution
Endorsement 19390, C-14026

**The Travelers Indemnity Company**
**The Phoenix Insurance Company**
**The Charter Oak Fire Insurance Company**
**Equitable Fire and Marine Insurance Company**

**This endorsement excludes coverage for Bodily Injury and Property
Damage arising out of polluting emissions or discharges which are:**

    **a)** Expected or intended by any insured or any person
       or organization for whom the insured may be liable,
       or

    **b)** In violation of government rules and regulations
       regarding pollution.

It also excludes coverage for property damage arising out of petroleum
or petroleum derivatives discharged into water, whether intentionally
of unintentionally, except for fire or explosion resulting from an
unintentional discharge which is not in violation of governmental rules
and regulations.

For most insureds there will be no premium adjustment in conjunction
with this endorsement.  In some instances where a premium charge is
warranted because a potential but unintended pollution exposure exists,
the premium will be determined in accordance with customary (a) rating
procedures.

0000116

121

This endorsement modifies the provisions of the policy relating to ALL LIABILITY INSURANCE other than COMPREHENSIVE PERSONAL INSURANCE and such insurance as is afforded by the policy with respect to the ownership, maintenance or use, including loading or unloading, of any automobile.

## LIMITATION OF COVERAGE FOR POLLUTION

It is agreed that the insurance does not apply

(a)  to bodily injury or property damage arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (1)  if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, or

    (2)  resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (a) does not apply to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water.

(b)  to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (b) does not apply to property damage resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (1)  is expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, nor

    (2)  results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

_____
Secretary

THE PHOENIX INSURANCE COMPANY
EQUITABLE FIRE AND MARINE INSURANCE COMPANY

_____
Secretary

C-14026   5-70   Printed in U. S. A.

19390

0000117

122

# Exhibit 48

# THE TRAVELERS



ONE TOWER SQUARE
HARTFORD, CONNECTICUT 06115

May 18, 1970

The Honorable Broward Williams
Insurance Commissioner
Office of the State Treasurer
 and Insurance Commissioner
J. Edwin Larson Building
Gaines Street
Tallahassee, Florida 32304

Dear Commissioner Williams:

Limitation of Coverage for Pollution
Endorsement 19390 Form No. C-14026
The Travelers Indemnity Company
The Phoenix Insurance Company
The Charter Oak Fire Insurance Company
Equitable Fire and Marine Insurance Company

Pollution has become a national concern. Governments, from Federal
to local, citizens, from the President to the non-voting youth, are
all aware of the many forms of pollutants and their potential disas-
trous effects if controls are not quickly implemented.

The insurance industry must also express its awareness of this threat
to our environment and act in support of efforts to eliminate inten-
tional and expected pollution. It is the intent of these Companies to
protect its general liability insureds only for unknown and uninten-
tional polluting. To afford broader coverage would be contrary to
public policy and an abdication of our social responsibility.

In order to implement this program as rapidly as possible, we are not
suggesting a specific effective date, but will use it as soon as we
receive your acknowledgment or approval. We wish the Limitation of
Coverage for Pollution Endorsement to apply to all general liability
insurance except personal liability insurance. An Explanatory Memoran-
dum is attached which describes the endorsement and its usage in more
detail.

11825



PLAINTIFF'S
EXHIBIT

6-18-89

NO. 1

-2-

Because it is in the public interest, we do not anticipate that you
will question the need for this endorsement, but please phone collect
(203-277-3204) if you should have any questions concerning its use.

One copy of this filing is included for each authorized Company in
your state with one additional copy for you to return for our files.
A return envelope is included for your convenience.

Very truly yours

Richard C. Reeves
Assistant Secretary
Government Affairs Division

RCR:LKT
Encs.

SHELL (          )

EXPLANATORY MEMORANDUM

Limitation of Coverage for Pollution
Endorsement 19390, C-14026

The Travelers Indemnity Company
The Phoenix Insurance Company
The Charter Oak Fire Insurance Company
Equitable Fire and Marine Insurance Company

This endorsement excludes coverage for Bodily Injury and Property
Damage arising out of polluting emissions or discharges which are:

    a)  Expected or intended by any insured or any person
        or organization for whom the insured may be liable,
        or

    b)  In violation of government rules and regulations
        regarding pollution.

It also excludes coverage for property damage arising out of petroleum
or petroleum derivatives discharged into water, whether intentionally
of unintentionally, except for fire or explosion resulting from an
unintentional discharge which is not in violation of governmental rules
and regulations.

For most insureds there will be no premium adjustment in conjunction
with this endorsement.  In some instances where a premium charge is
warranted because a potential but unintended pollution exposure exists,
the premium will be determined in accordance with customary (a) rating
procedures.

This endorsement modifies the provisions of the policy relating to ALL LIABILITY INSURANCE other than COMPREHENSIVE PERSONAL INSURANCE and such insurance as is afforded by the policy with respect to the ownership, maintenance or use, including loading or unloading, of any automobile.

## LIMITATION OF COVERAGE FOR POLLUTION

It is agreed that the insurance does not apply

(a) to bodily injury or property damage arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

   (1) if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, or

   (2) resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

but this exclusion (a) does not apply to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(b) to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (b) does not apply to property damage resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

   (1) is expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, nor

   (2) results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

THE TRAVELERS INDEMNITY COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY

THE PHOENIX INSURANCE COMPANY
EQUITABLE FIRE AND MARINE INSURANCE COMPANY

*Secretary*

*Secretary*

C-14028   5-70   Printed in U. S. A.

19390

# Exhibit 49

# THE TRAVELERS



ONE TOWER SQUARE
HARTFORD, CONNECTICUT 06115

May 18, 1970

The Honorable Clay Cotten
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto
Austin, Texas  78701

Dear Commissioner Cotten:

> Limitation of Coverage for Pollution
> Endorsement 19390  Form No. G-14026
> The Travelers Indemnity Company
> The Phoenix Insurance Company
> The Charter Oak Fire Insurance Company
> Equitable Fire and Marine Insurance Company

Pollution has become a national concern.  Governments, from Federal
to local, citizens, from the President to the non-voting youth, are
all aware of the many forms of pollutants and their potential disas-
trous effects if controls are not quickly implemented.

The insurance industry must also express its awareness of this threat
to our environment and act in support of efforts to eliminate inten-
tional and expected pollution.  It is the intent of these Companies to
protect its general liability insureds only for unknown and uninten-
tional polluting.  To afford broader coverage would be contrary to
public policy and an abdication of our social responsibility.

In order to implement this program as rapidly as possible, we are not
suggesting a specific effective date, but will use it as soon as we
receive your acknowledgment or approval.  We wish the Limitation of
Coverage for Pollution Endorsement to apply to all general liability
insurance except personal liability insurance.  An Explanatory Memoran-
dum is attached which describes the endorsement and its usage in more
detail.



-2-

Because it is in the public interest, we do not anticipate that you will question the need for this endorsement, but please phone collect (203-277-3204) if you should have any questions concerning its use.

One copy of this filing is included for each authorized Company in your state with one additional copy for you to return for our files. A return envelope is included for your convenience.

Very truly yours

Richard C. Reeves
Assistant Secretary
Government Affairs Division

RCR:LMT
Encs.

EXPLANATORY MEMORANDUM

Limitation of Coverage for Pollution
Endorsement 19390, C-14026

The Travelers Indemnity Company
The Phoenix Insurance Company
The Charter Oak Fire Insurance Company
Equitable Fire and Marine Insurance Company

This endorsement excludes coverage for Bodily Injury and Property
Damage arising out of polluting emissions or discharges which are:

a)  Expected or intended by any insured or any person
    or organization for whom the insured may be liable,
    or

b)  In violation of government rules and regulations
    regarding pollution.

It also excludes coverage for property damage arising out of petroleum
or petroleum derivatives discharged into water, whether intentionally
or unintentionally, except for fire or explosion resulting from an
unintentional discharge which is not in violation of governmental rules
and regulations.

For most insureds there will be no premium adjustment in conjunction
with this endorsement.  In some instances where a premium charge is
warranted because a potential but unintended pollution exposure exists,
the premium will be determined in accordance with customary (a) rating
procedures.

> This endorsement modifies the provisions of the policy relating to ALL LIABILITY INSURANCE other than COMPREHENSIVE PERSONAL INSURANCE and such insurance as is afforded by the policy with respect to the ownership, maintenance or use, including loading or unloading, of any automobile.

LIMITATION OF COVERAGE FOR POLLUTION

It is agreed that the insurance does not apply

(a)   to bodily injury or property damage arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant

    (1)   if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, or

    (2)   resulting from or contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto;

    but this exclusion (a) does not apply to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water;

(b)   to property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into any body of water, but this exclusion (b) does not apply to property damage resulting from fire or explosion arising out of any emission, discharge, seepage, release or escape which neither

    (1)   is expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable, nor

    (2)   results from or is contributed to by any condition in violation of or non-compliance with any governmental rule, regulation or law applicable thereto.

THE TRAVELERS INDEMNITY COMPANY            THE PHOENIX INSURANCE COMPANY
THE CHARTER OAK FIRE INSURANCE COMPANY    EQUITABLE FIRE AND MARINE INSURANCE COMPANY

*Secretary*                                            *Secretary*

C-14026    5-70    Printed in U. S. A.                                  19390



# Exhibit 50

INSURANCE RATING BOARD
CENTRAL ATLANTIC OFFICE
421 KING STREET
ALEXANDRIA, VIRGINIA 22314
AREA CODE 703 836-1770

RECEIVED
MAY 20 1970
W. Va. Ins. Dept.

BERNARD I. FARRELL
MANAGER

May 18, 1970

The Honorable Samuel H. Weese
Insurance Commissioner
State of West Virginia Insurance Department
Capitol Building
Charleston, West Virginia  25305

Dear Commissioner Weese:

                    Contamination or Pollution Endorsements
                          IRB-G335 and IRB-G336

In accordance with all applicable provisions of law, this Board is hereby
filing the captioned endorsements on behalf and in lieu of filings by
its member and subscriber companies.  These new endorsements reflect a
manual change relating to a contamination or pollution exclusion.

The endorsements are applicable to all new and renewal policies written
on or after June 10, 1970, and may be applied to outstanding policies
as of June 10, 1970.

Your acknowledgment and approval of this filing would be appreciated at
your earliest convenience so that our companies may be notified accordingly.

Kindly return the extra copy of this letter to the undersigned with your
stamp of approval thereon.

                                         Yours very truly,

                                         B. I. Farrell
                                         Manager

BIF:lvh

Att.

0000069

74

This endorsement modifies such insurance as is afforded by
the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
OWNERS' LANDLORDS' AND TENANTS LIABILITY INSURANCE
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY INSURANCE -
    NEW YORK DEPARTMENT OF PUBLIC WORKS
STOREKEEPER'S INSURANCE

RECEIVED
MAY 20 1970
W. Va. Ins. Dept.

### SUPPLEMENTARY EXCLUSION
(Contamination or Pollution - Described Operations)

It is agreed that, if with respect to operations described in this endorsement there is a
discharge, dispersal, release or escape of oil or other petroleum substance or derivative
( including any oil refuse or oil mixed with wastes) into or upon any watercourse or body
of water, the insurance does not apply to bodily injury or property damage arising out of
such discharge, dispersal, release or escape whether or not sudden and accidental.

### Description of Operations

    Gas Lease Operators - natural gas
    Gasoline Recovery - from casing head or natural gas
    Non-operating working interests
    Oil or Gas Well Shooting
    Oil or Gas Wells - acidizing
    Oil or Gas Wells - cementing
    Oil or Gas Wells - cleaning or swabbing - by contractors
    Oil or Gas Wells - drilling or redrilling, installation or
        recovery of casing
    Oil or Gas Wells - instrument logging or survey work in wells
    Oil or Gas Wells - perforating of casing
    Oil Lease Operators
    Oil Pipe Lines - operation, including maintenance
    Oil Rig or Derrick Erecting or Dismantling - wood or metal -
        including construction of foundations or structures or
        installation of equipment

### Instruction

This endorsement should always be used, together with endorsement "Contamination or
Pollution", ICR-0335, whenever the above operations are involved.  It may be combined
with endorsement ICR-0335.

ICR-0336

0000070

June 10, 1970

75

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY INSURANCE -
     NEW YORK DEPARTMENT OF PUBLIC WORKS
STOREKEEPER'S INSURANCE

RECEIVED
MAY 2 0 1970
W. Va. Ins. Dept

## EXCLUSION
### (Contamination or Pollution)

It is agreed that the insurance does not apply to <u>bodily injury</u> or <u>property damage</u> arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminan or pollutants into or upon land, the atmosphere or any watercourse or body of water; but t exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

ICD - 0335

June 1?, 1?70

0000071

7⊂

# Exhibit 51

# INSURANCE RATING BOARD
### CENTRAL ATLANTIC OFFICE
### 421 KING STREET
### ALEXANDRIA, VIRGINIA 22314
##### AREA CODE 703 836-1770

RECEIVED

MAY 13 1970

W. Va. Ins. Dept.

May 11, 1970

The Honorable Samuel H. Weese
Insurance Commissioner
State of West Virginia Insurance Department
Capitol Building
Charleston, West Virginia  25305

Dear Commissioner Weese:

#### Manuals of Liability Insurance –
#### Contamination or Pollution Exclusion

On behalf of our member and subscriber companies, we hereby file the attached contamination and pollution exclusions that will apply to all general liability insurance covering bodily injury and property damage, except comprehensive personal liability, farmers comprehensive personal liability and professional liability insurance.

An explanation of the exclusions is contained in the attached memorandum.

It is proposed that this revision become effective June 10, 1970 under the following rule of application:

> The exclusions are applicable to all new and renewal policies written on or after June 10, 1970, and may be applied to outstanding policies as of June 10, 1970.

There is need for prompt introduction of these exclusions in recognition of the potential and grave exposures reflected in the exclusions not previously envisioned. It is for this reason that we are asking for an early effective date and the optional application of the exclusions to outstanding policies.

It is our intention to announce approval of the exclusions to our companies by circular letter. They will be inserted in the Manuals of Liability Insurance as soon as possible thereafter.

We respectfully urge your prompt consideration of our proposal, and its approval.

Yours very truly,

B. I. Farrell
Manager

BIF:lvh

Att.

0000073

78

Insurance Rating Board
Memorandum-Manuals of Liability Insurance

Contractual Liability Manual
Manufacturers and Contractors Liability Manual
Owners, Landlords and Tenants Liability Manual
Owners or Contractors Protective Liability Manual
Product Liability Manual

**Page No.**

Cont. 4
M & C 4
OL & T 5 & 224
OCP 4
Prod. 4

Add the following as contractual exclusion (n), manufacturers and contractors exclusion (q), owners, landlords and tenants exclusion (r), storekeepers exclusion (p), owners or contractor protective exclusion (j) and products exclusion (k):

> Contamination or Pollution Exclusion.
> Bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminant or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.
> Use Standard Provisions Endorsement IRB - G .

Cont. 4
M & C 4
OL & T 5 & 224
OCP 4
Prod. 4

Add the following as contractual exclusion (o), manufacturers and contractors exclusion (r), owners, landlords and tenants exclusion (s), storekeepers exclusion (q), owners or contractors protective exclusion (k) and product exclusion (l):

> Contamination or Pollution - Described Operations-Supplementary Exclusion.
> With respect to the operations described below, bodily injury or property damage arising out of the discharge, dispersal, release or escape of oil or other petroleum substance or derivative (including any oil refuse or oil mixed with wastes) into or upon any watercourse or body of water, whether or not such discharge, dispersal, release or escape is sudden and accidental.

> **Description of Operations**

> Gas Lease Operators - natural gas
> Gasoline Recovery - from casing head or natural gas
> Non-operating working interests
> Oil or Gas Wells Shooting
> Oil or Gas Wells - acidizing
> Oil or Gas Wells - cementing
> Oil or Gas Wells - cleaning or swabbing - by contractors
> Oil or Gas Wells - drilling or redrilling, installation or recovery of casing
> Oil or Gas Wells - instrument logging or survey work in wells
> Oil or Gas Wells - Perforating of casing
> Oil Lease Operators

0000074

79

Oil Pipe Lines - operation, including
maintenance
Oil Rig or Derrick Erecting or Dismantling
wood or metal - including construction of
foundations or structures or installation
of equipment

Use Standard Provisions Endorsement IRB - G

## Explanation

Coverage for pollution or contamination is not provided in most cases under present p
cies because the damages can be said to be expected or intended and thus are excluded
the definition of occurrence. The above exclusion clarifies this situation so as to
avoid any question of intent. Coverage is continued for pollution or contamination
caused injuries when the pollution or contamination results from an accident except th
no coverage will be provided under certain operations for injuries arising out of
discharge or escape of oil into any body of water.

This exception for oil is justified, in our opinion, because oil spillage into water i
a catastrophic phenomenon of recent occurrence and not contemplated when existing
rates were made. The public has become increasingly aware of agonizing effects of oil
spillage and resentful of the failure of oil risks to take the ordinary step to avoid t
To ignore the attitude of society toward the destructive effects of oil spillage by
making insurance readily available, as part of underlying coverage, without regard for
the exposure could be interpreted as a disregard for the public interest and the public
policy, and could well subject the insurance industry to public criticism. Because of
this situation any companies that may afford this insurance will undoubtedly do so only
after a very careful survey of the exposure and the methods for preventing oil spillage
into water in order to assure protection for the public interest.

0000075

# Exhibit 52

Exhibit 21

# THE TRAVELERS



ONE TOWER SQUARE
HARTFORD, CONNECTICUT 06115

August 3, 1970

The Honorable Samuel H. Weese
Insurance Commissioner
State of West Virginia
Insurance Department
1800 Washington Street, East
Charleston, West Virginia 25305

RECEIVED
AUG 5 1970
W. Va. Ins. Dept.

Att: Mr. Donald W. Brown
     Director
     Casualty-Property Division

Dear Commissioner Weese:

Limitation of Coverage for Pollution
The Travelers Indemnity Company
The Charter Oak Fire Insurance Company
The Phoenix Insurance Company
<u>Equitable Fire and Marine Insurance Company</u>

At the conclusion of the July 16th hearing, it was suggested that some comments concerning our proposed form as compared to the IRB form would be helpful.

It was generally agreed that general liability policies, because of the occurrence definition, prevent coverage for injury expected or intended from the standpoint of the insured. The idea behind these endorsements is that the insurance industry does not consider intentional pollution to be insurable, and the industry wishes to make its position clear to the insured. Many insureds have not realized that they did not have coverage because there have been no claims. The attachment of such an endorsement protects the insured from a false feeling of coverage.

I left you a copy of our comparison of coverage for the Bureau form and our form. Another copy is attached, and in addition the following comments may be helpful.

The IRB form (G335) excludes contamination or pollution except when the discharge is sudden and accidental. The Travelers form takes a slightly different approach. Rather than expecting the sudden and accidental cause, we define discharge as "if expected or intended". We believe the results of the two phrases are the same, but we feel that the positive wording that we have used will be clearer to the insured. The Travelers

15

-2-

form also refers to violators of governmental rules and regulations. We believe it is more equitable to our insureds to call their attention to the governmental rules and regulations. We don't believe that there is any particular difference in the actual coverage between the two forms, because if a governmental rule or regulation exists and our insured is not operating in compliance with that rule or regulation, it would be difficult for us to accept the thought that the loss was sudden and accidental. It would be more realistic to maintain that the loss was not sudden nor accidental because the insured chose to violate a governmental rule or regulation which was established in anticipation of a possible pollution hazard.

While we use a single form and include the oil and petroleum exclusion, the IRB has chosen to use a separate form. As you know, new exposures arise in our insureds' operations either by new processes or by company affiliations, and it may be a period of time before we know that a specific petroleum pollution hazard has arisen. We believe it is only fair to our insured that he know before embarking on a new operation just what his insurance coverage will be. Therefore, we believe it is in the best interest of our insureds to have a single endorsement attached to each and every policy.

The IRB form restricts the oil and petroleum coverage for both bodily injury and property damage. Our form only excludes the property damage and we clarify the point that there is coverage for fire or explosion when it is not expected or intended or in violation of a governmental rule or regulation.

Please let us know if there are any other particular points which our comments would be helpful.

Very truly yours

*Richard C. Reeves (sl)*

Richard C. Reeves
Assistant Secretary
Government Affairs Division

RCR:sh

20

| Pollution Exclusion | I.N.A.<br>Exclusion (Contamination or Pollution) 0-335 | I.S.O.<br>Limitation of coverage for Pollution 19__ paragraph (a) |
|---|---|---|
| 1. Injuries excluded | bodily injury and property damage | bodily injury, property damage |
| 2. Type of discharge | discharge, dispersal, release, escape | emission, ____, discharge release, escape |
| 3. Material discharged | smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants | liquid, solid, ____ gaseous or thermal waste or pollutant |
| 4. Where discharged | into or upon land, the atmosphere or any watercourse or body of water | anywhere |
| 5. What triggers exclusion | any discharge as per above which is neither sudden nor accidental. | any discharge ____ (1) expected or intended by the insured or by person for whom insured is liable, or (2) caused by condition in violation of law |
| 6. Exceptions | none | exclusion does not apply to I/D arising out of discharge of petroleum or petroleum derivative into any body of water |
| 7. Policies subject to exclusion | all General Liability policies except comprehensive personal, and professional | all General Liability policies including Packages except comprehensive personal |

21.

| Oil Discharge Exclusion | I.R.B. Supplementary Exclusion (Contamination or Pollution - Described Operations) G-336 | T.I.C. Limitation of Coverage for Pollution 19990 Paragraph (b) |
|---|---|---|
| 1. Injuries excluded | bodily injury and property damage | property damage |
| 2. Type of discharge | discharge, dispersal, release or escape | emission, discharge, seepage, release or escape |
| 3. Material discharged | oil or other petroleum substance or derivative (including any oil refuse or oil mixed with wastes) | petroleum or petroleum derivatives |
| 4. Where discharged | into or upon any watercourse or body of water | any body of water |
| 5. What triggers exclusion | any discharge as per above | any discharge as per above |
| 6. Exceptions | None | property damage resulting from fire or explosion if the discharge was neither expected nor intended and did not result from a condition in violation of law |
| 7. Operations subject to exclusion | 13 manual classifications | no limitation |

2 2

# Exhibit 53



## THE TRAVELERS

Casualty-Property
Commercial Lines Department
Thomas A. Jackson, Secretary

January 13, 1982

Mr. Mark Presser
Associate Insurance Examiner
Property and Casualty Insurance Bureau
State of New York Insurance Department
Two World Trade Center
New York, NY  10047

Re:  Travelers Environmental Hazard Policy
     (Your December 11th letter to
     Carol Peterson, Travelers)

Dear Mr. Presser:

In your letter of December 11th, you raised several objections;
the most striking was the third which implied that the term
"sudden and accidental" as used in Sections 46(3) and 46(14)
of the New York Insurance Law prohibited covering gradual
pollution incidents.

Is your opinion based upon legal interpretation of these sections
or court decisions, or is it the prevailing opinion of the
Department?

"Sudden and accidental" as a term standing by itself is capable
of many interpretations.

The word "sudden" in Webster's New Collegiate Dictionary is defined as:

      1 a:  happening or coming unexpectedly
        b:  changing angle or character all at once

      2  :  marked by or manifesting abruptness or haste
      3  :  made or brought about in a short time

The word "accidental: is similarly defined as:

      1  :  arising from extrinsic causes
      2 a:  occurring unexpectedly or
        b:  happening without intent or through carelessness and
            often with unfortunate results

EXHIBIT
Jackson -55
5/16/02 1

THE TRAVELERS INSURANCE COMPANIES • ONE TOWER SQUARE • HARTFORD, CONNECTICUT 06115

-2-

There is nothing in the term "sudden and accidental" which requires the elimination of gradually occurring events from the collective.

A number of court decisions in many jurisdictions have essentially reached the same conclusion:  there is nothing which prevents gradually occurring events from being considered to be "sudden and accidental" as long as there is no intent to cause injury or damages.

The New York law is sensibly applied only when it is interpreted to mean that deliberate polluters cannot be insured.

When it is interpreted to mean that unexpected or unintended gradual pollution may not be insured, it will deprive insureds and claimants of protection which should be available and which the insurance industry is willing to provide.

How, rationally, can the law be interpreted to prevent insurance for "non-sudden" or gradually occurring pollution liabilities created by accidental, unexpected or unintended actions?

We will reply to your other questions after we have received your reply.

Very truly yours

*T. A. Jackson*

Thomas A. Jackson
Secretary
Product Management Division

TAJ/cad

cc:  Ms. Carol Peterson