SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2846

E-MAIL ADDRESS
mforshaw@stblaw.com

May 31, 2013

BY HAND AND EMAIL

Re:   *Travelers Indemnity Company, et al. v. Northrop Grumman*
      *Corporation, et al.*, Case No. 12-cv-3040 (KBF)

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: ____6/4/13____ |

Dear Judge Forrest:

We write on behalf of Travelers and Century in opposition to Grumman's belated May 28, 2013 request that the Court limit Travelers and Century to 25 depositions of current and former Grumman employees. Grumman's request should be denied.

A bit of context is in order. The Court should be aware that after the March 13, 2013 status conference, the parties began scheduling depositions as the Court suggested. Travelers and Century made clear on several occasions that it was their position that former employees should not count toward the Court's 15 deposition limit. The insurers repeatedly asked Grumman to voice any objections to this approach so that any disagreement could be brought to the Court's attention as soon as possible. Ex. A. Grumman did not do so. Instead, it waited two months to bring the May 28 application in an effort to disrupt the insurers' discovery.[1] After allowing the insurers to take a dozen depositions, Grumman asks the Court to limit the ultimate number of depositions the insurers can take, in order to preclude the insurers from developing a complete factual record.

Grumman's accusation that the insurers are engaging in "scorched-earth deposition discovery" is unfounded. This is a complicated case, even after phasing. Grumman operated the Bethpage Facility from the 1930s to the 1990s, and the Calverton Facility from the 1950s to the 1990s. Grumman has been addressing contamination at and around these Facilities since the 1940s, when it shut down wells due to contamination. In 1994, Northrop Corporation acquired Grumman,

---

[1]      Grumman strategically voiced its complaints with the Court after Century sought to meet and confer about seeking an extension of the deadlines in the case.

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine B. Forrest          -2-                    May 31, 2013

resulting in many personnel changes. Several "most knowledgeable" current employees are new to the matters at hand and actually have little information about the claims at issue. As a result, the insurers have had to fill this information void by noticing depositions of former Grumman employees. These depositions are necessary to understand the historical operations at the Bethpage and Calverton Facilities over a more than 60-year period, Grumman's discovery of contamination, Grumman's response, associated costs, and the timing and nature of the various claims at issue in Phase I.[2]

Only 8 of the 28 noticed deponents are current Grumman employees. The remaining deponents are former employees. Almost all of the 28 deponents have been noticed for deposition after being identified by Grumman as persons with knowledge.

By way of example, Grumman identified 9 of the former employee deponents as having "substantive knowledge" about "the historical operations that allegedly gave rise to and the environmental contamination at issue in Phase 1 of this litigation" at the Bethpage and Calverton Facilities (Turney, Skinner, Kovarik, Lucidi, Riiska, Stover, Jasinkonis, Kennedy and Heitman). Ex. B; Ex. C. These gentlemen worked at different times in different parts of the Facilities and were responsible for different tasks (*e.g.*, maintenance, engineering, waste disposal, etc.). Travelers and Century are within their rights to notice these depositions to learn about the operations that caused the contamination for which Grumman seeks coverage.

Grumman also identified 6 of the additional deponents as persons "most knowledgeable" about "investigation, evaluation, and remediation of groundwater contamination and other environmental property damage at issue in the Phase 1 Environmental Claims" (Cofman (former), Gibson (former), Hannon (current), Leskovjan (former), Ohlmann (former) and Smith (current)). Ex. D at 12-13. Four of these individuals were also cited by Grumman as "most knowledgeable about the operations at the Bethpage Facility and the Calverton Facility that have allegedly given rise to the groundwater contamination and other environmental property damage at issue in Phase 1." *Id.* at 14. And 2 were identified as "most knowledgeable about spills, leaks, and other releases of waste materials at the Bethpage Facility or the Calverton Facility that involved contaminants that are alleged to have caused the groundwater contamination or other environmental property damage at issue in Phase 1." *Id.* at 32-33. Plainly, the depositions of these 6 witnesses are appropriate.

It should come as no surprise that the insurers feel compelled to depose the 6 individuals identified by Grumman as "risk managers whom Northrop Grumman believes have been responsible . . . for liability insurance that provides coverage for environmental property damage relating to the Bethpage Facility or the Calverton Facility" and "most knowledgeable about Northrop Grumman's overall efforts to obtain insurance coverage from Travelers and Century for Phase 1 Environmental Claims." *Id.* at 15-16, 21-22. These individuals (Jacobs (former), Owens (former), Zielinski (former), Gibson (former), Grieves (former) and Dahlberg (current)) have

---

[2]     To the extent that Grumman is including depositions of ARCADIS and Dvirka & Bartilucci witnesses in the number of depositions of current and former employees the insurers seek, that is inappropriate. ARCADIS and Dvirka & Bartilucci are third party consultants to Grumman.

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine B. Forrest                    -3-                    May 31, 2013

knowledge relevant to Grumman's claims for insurance coverage. Ms. Dahlberg, based on her title ("Aerospace Services Risk Manager") and a review of the documents, may be the only percipient witness concerning risk management or insurance coverage related to the Calverton Facility.

At a recent oral argument, Grumman asserted that it gave Travelers notice of a claim at the Bethpage Facility at a 1989 meeting. Travelers thus requested the depositions of former Grumman employees Marlek and Gibson, both of whom attended that meeting.[3] If Grumman intends to argue that it satisfied its notice obligations at that meeting, it should produce these witnesses.[4]

Travelers and Century also intend to depose 6 additional current and former Grumman employees because discovery has confirmed that they possess knowledge of information critical to Grumman's coverage claim (Gershonowitz (former), Olic (current), Shipley (former), DeBois (current), Rosato (current) and Palmer (current)). Messrs. Gershonowitz and Shipley[5] and Ms. Olic communicated with Travelers and these communications are relevant, at a minimum, to timely notice. Messrs. DeBois and Rosato and Ms. Palmer were identified by Mr. Hannon at deposition as knowledgeable about the "Handshake Agreement" between Grumman and the Navy under which the Navy agreed to pay certain "off-site" remediation costs. Ex. F at 190:21-192:21; 194:12-194:23. Mr. Hannon also identified them as knowledgeable about the Navy's reimbursement of the costs Grumman now seeks in this litigation through overhead payments. *Id.* at 223:20-226:25; 234:24-235:15. No other Grumman witness has been able to testify about these arrangements. The insurers are entitled to explore whether Grumman is seeking a double recovery in this lawsuit.

We are surprised that Grumman is challenging the depositions of Ms. Thompson (current) and Mr. Sokol (third party witness). The Court gave Travelers and Century permission to take these depositions in its March 27, 2013 Order, issued in response to the insurers' motion to compel the production of documents withheld on the Aon privilege log. Ex. G at 3. Mr. Sokol is also a percipient witness to important events at issue. He tendered the claims at issue to Travelers and Century. He is copied on numerous correspondence with the insurers. He also tendered certain claims to American Employers Insurance in 2011, a year prior to the Travelers and Century tenders. And, in 2010, he directed that all communications between Travelers and Grumman should go through him. Ex. H at NGINS000011378. He was clearly acting in a business capacity and not as Grumman's lawyer. Accordingly, the insurers are entitled to depose Ms. Thompson and Mr. Sokol.

In sum, Travelers and Century have made every effort to select and conduct depositions efficiently based on information provided by Grumman. Against this backdrop, Grumman's

---

[3]     Grumman has represented that Ms. Marlek is ill and may not be able to testify. The insurers repeatedly asked Grumman to make such a representation in writing. Ex. E. Grumman refused to do so until its May 28 letter.

[4]     It bears noting that Grumman already deposed one of the two former Travelers employees who attended the 1989 meeting (who happens to be an attorney). The other attendee's deposition is scheduled for June.

[5]     Mr. Shipley's deposition has been scheduled since April 17 without objection by Grumman.

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine B. Forrest          -4-                    May 31, 2013

untimely complaints about the number of depositions are ill founded.  We further note that
Grumman's representations led the insurers to take two depositions that might not have been
necessary had more accurate disclosures been made.  Mr. Stover testified that he did not hold the
title Grumman attributed to him and did not possess the "substantive knowledge" Grumman
claimed he has.  Ex. I at 138:22-140:4.  Travelers thereafter asked Grumman to confirm the
accuracy of its witness with knowledge disclosures.  Ex. E.  Grumman refused to do so.  Since that
time, another witness also testified that he did not hold the title or possess the "substantive
knowledge" Grumman attributed to him.  Ex. J at 26:11-28:18; 150:3-24.  Grumman should not be
heard to complain about depositions of witnesses it misidentified, and to the extent a deposition
limit is in effect, these two witnesses should not count against it.

Finally, please be assured that the insurers have not unnecessarily prolonged depositions of
elderly witnesses.  Travelers and Century have not taken a single 7-hour deposition of an elderly
witness.[6]  The insurers have simply advised Grumman that they cannot pre-commit to taking less
than the full 7 hours permitted under the Federal Rules in advance of a deposition.

Travelers' and Century's deposition requests are reasonable and appropriate and seek
testimony from individuals who are important to the claims and defenses at issue.  **Travelers and
Century respectfully request that the Court deny Grumman's belated request to limit the
number of depositions of current and former employees and to preclude the depositions of
Ms. Palmer, Ms. Thompson and Mr. Sokol.**

Respectfully submitted,

*Mary Beth Forshaw*

Mary Beth Forshaw

cc:    P. Benjamin Duke, Esq. (by email)
       William F. Greaney, Esq. (by email)
       Georgia Kazakis, Esq. (by email)
       Edward H. Rippey, Esq. (by email)
       R. Laird Hart, Esq. (by email)
       Fritz Scanlon, Esq. (by email)
       *Counsel for Defendants Northrop
       Grumman Corporation and
       Northrop Grumman Systems Corporation*

ORDERED:

It appears that Travelers wants/intends (if
allowed) to take 28 + 6 depositions for a total of
34.  That should be plenty without additional
good cause shown.  Therefore, depositions
limited to 34 per side for Phase I.

*K. B. Forrest*   6/4/13

---

[6]      For example, Mr. Jasinkonis's deposition was adjourned after less than 3 hours because he
did not feel well.  Mr. Riiska's deposition lasted less than 3 hours.  Mr. Kovarik's deposition lasted
less than 3.5 hours.

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine B. Forrest          -5-                    May 31, 2013

  Guy A. Cellucci, Esq. (by email)
  Shane R. Heskin, Esq. (by email)
  Robert F. Walsh, Esq. (by email)
  *Counsel for Nominal Defendant Century*
  *Indemnity Company, eventual successor in*
  *interest to Insurance Company of North America*

  Seth Goodman Park, Esq. (by email)
  *Counsel for Nominal Defendant Century*
  *Indemnity Company, eventual successor in*
  *interest to Insurance Company of North America*

# Exhibit A

| From: | Heskin, Shane <heskins@whiteandwilliams.com> |
|---|---|
| Sent: | Tuesday, May 14, 2013 6:59 PM |
| To: | 'Kazakis, Georgia'; Cannella, Meghan; Dattner, Ian |
| Cc: | Forshaw, Mary Beth; Neuner, Lynn; Adams, Rae; Maxwell, Rita K.; Cellucci, Guy; Hart, R. Laird |
| Subject: | RE: Travelers Indemnity Co., et al. v. Northrop Grumman Corp., et al., 12-cv-3040 (KBF) |

Georgia,

Thank you for sending this calendar around. As we discussed today, it is our position that former employees do not count toward the deposition limit, and we have proceeded with scheduling depositions with that understanding. Although we had stated this position numerous times before, you indicated during our meet-and-confer today that Grumman may decide to take issue with that position through a letter to the Court. As I indicated, we believe that raising the issue at this time is untimely, and that if you do decide to raise it with the Court, we asked that you raise it before the end of the week so that both the Court and parties have time to deal with the Court's decision, however, the issue is decided. In response, you indicated that you would file the letter whenever you decide to file the letter. I again ask that if you decide to raise the issue with the Court, that you do it in a timely manner.

Regards,
-Shane

**From:** Kazakis, Georgia [mailto:gkazakis@cov.com]
**Sent:** Tuesday, May 14, 2013 4:32 PM
**To:** Cannella, Meghan; Heskin, Shane; Dattner, Ian
**Cc:** Forshaw, Mary Beth; Neuner, Lynn; Adams, Rae; Maxwell, Rita K.; Cellucci, Guy; Hart, R. Laird
**Subject:** Travelers Indemnity Co., et al. v. Northrop Grumman Corp., et al., 12-cv-3040 (KBF)

Dear Counsel:

Attached please find a revised deposition schedule for our discussion at 5:00 pm today.

Best Regards,
Georgia

Georgia Kazakis
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004
Phone:  (202) 662-5423
Fax:     (202) 778-5423
Email:   gkazakis@cov.com

*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.*

# Exhibit B



COVINGTON & BURLING LLP

BEIJING    SAN FRANCISCO
BRUSSELS   SEOUL
LONDON    SHANGHAI
NEW YORK  SILICON VALLEY
SAN DIEGO  WASHINGTON

EDWARD H. RIPPEY

1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401
T 202.662.5171
F 202.778.5171
erippey@cov.com

February 22, 2013

VIA E-MAIL & FIRST-CLASS MAIL

Mary Beth Forshaw, Esq.
Lynn K. Neuner, Esq.
Bryce A. Pashler, Esq.
Meghan E. Cannella, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

> Re: *Travelers Indemnity Co. et al. v. Northrop Grumman Corp. et al.*,
> No. 12-3040 (KBF) (S.D.N.Y.)

Dear Counsel:

We write to provide the names of additional persons whom Northrop Grumman currently believes have "substantive knowledge" of the topics outlined in the insurers' proposal of November 26, as agreed to and articulated in Northrop Grumman's December 12 letter. Pursuant to our agreement, this information resolves all disputes between the parties in connection with Northrop Grumman's objections and responses to Travelers' and Century's First Set of Interrogatories Nos. 1-2, 9-10, 12-14, and 17.

Northrop Grumman reserves the right to amend or further supplement any of its objections or responses set forth herein at any time as it deems necessary or appropriate in light of information or knowledge obtained during the course of discovery in this proceeding.

### Interrogatory Nos. 1-2, 9-10, 12-14, and 17

In response to Interrogatory Nos. 1-2, 9-10, 12-14, and 17 – and subject to the general and specific objections set forth in Northrop Grumman's Objections and Responses to Travelers' and Century's First Set of Interrogatories – Northrop Grumman identifies the following as additional persons whom it currently believes have substantive knowledge of the below topics. All current and former employees of Northrop Grumman, as well as personnel at Dvirka & Bartilucci Engineers and Architects, P.C., are being represented by Covington & Burling LLP and thus should be contacted through Covington:

- The historical operations that allegedly gave rise to and the environmental contamination at issue in Phase 1 of this litigation at the following locations:

DC: 4710602-9

# COVINGTON

COVINGTON & BURLING LLP

Mary Beth Forshaw, Esq.
February 22, 2013
Page 2

o   The "Recharge Basin" Area at the Bethpage NWIRP

    George Turney, Former Director of Facility Operations, Northrop Grumman

o   The "Salvage Storage" Area at the Bethpage NWIRP

    William L. Skinner, Jr., Former Maintenance Electrician Lead Worker, Northrop Grumman

o   The "Grumman-Steel Los III Plant 2 Site" at the Bethpage Facility

    William Kovarik, Former Millwright, Northrop Grumman

    Anthony Lucidi, Former Building Manager, Northrop Grumman

    Charles A. Riiska, Jr., Former Building Manager, Northrop Grumman

    Clyde Stover, Former Project Manager, Excess Property Disposal, Northrop Grumman

    Richard Walka, Senior Vice President, Dvirka & Bartilucci Engineers & Architects, P.C.

o   The "South Recharge Basins" Area at the Bethpage Facility

    George Turney, Former Director of Facility Operations, Northrop Grumman

o   The "Former Settling Ponds" Area at the Bethpage Community Park

    Michael Hofgren, Senior Associate, Dvirka & Bartilucci Engineers and Architects, P.C.

    Robert Jasinkonis, Former Superintendent and Foreman, Roads & Grounds, Northrop Grumman

    Anthony Lucidi, Former Building Manager, Northrop Grumman

o   The "Rag Pit" Area at the Bethpage Community Park

    Michael Hofgren, Senior Associate, Dvirka & Bartilucci Engineers and Architects, P.C.

    Anthony Lucidi, Former Building Manager, Northrop Grumman



COVINGTON & BURLING LLP

Mary Beth Forshaw, Esq.
February 22, 2013
Page 3

   o   The "Fire Training Area" at the Bethpage Community Park

       Michael Hofgren, Senior Associate, Dvirka & Bartilucci Engineers and
       Architects, P.C.

   o   The "Site 1 Disposal" Area at the Calverton Facility

James Kennedy, Former Manager, Technical Administration, Northrop Grumman

                        Sincerely,

                        Edward H. Rippey

                        Edward H. Rippey

cc:    All counsel of record

# Exhibit C

COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL. 202.662.6000
FAX 202.662.6291
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

EDWARD H. RIPPEY
TEL 202.662.5171
FAX 202.778.5171
ERIPPEY @ COV.COM

December 21, 2012

VIA E-MAIL & FIRST-CLASS MAIL

Mary Beth Forshaw, Esq.
Lynn K. Neuner, Esq.
Bryce A. Pashler, Esq.
Meghan E. Cannella, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

Re:    *Travelers Indemnity Co. et al. v. Northrop Grumman Corp. et al.*,
No. 12-3040 (KBF) (S.D.N.Y.)

Dear Counsel:

We write to provide the names of persons whom Northrop Grumman currently believes have "substantive knowledge" of the topics outlined in the insurers' proposal of November 26, as agreed to and articulated in Northrop Grumman's December 12 letter.  Pursuant to our agreement, this information resolves all disputes between the parties in connection with Northrop Grumman's objections and responses to Travelers' and Century's First Set of Interrogatories Nos. 1-2, 9-10, 12-14, and 17.

We further write to provide the names of current or former employees, agents, or representatives of Northrop Grumman whom Northrop Grumman currently believes had substantive communications with governmental agencies or entities or Environmental Claimants regarding the alleged environmental contamination at issue in the Phase 1 Environmental Claims or its remediation.  Pursuant to our agreement, this information fully resolves all disputes between the parties in connection with Northrop Grumman's objections and responses to Travelers' and Century's Interrogatory No. 11.

Northrop Grumman reserves the right to amend or further supplement any of its objections or responses set forth herein at any time as it deems necessary or appropriate in light of information or knowledge obtained during the course of discovery in this proceeding.

**A.    Interrogatory Nos. 1-2, 9-10, 12-14, and 17**

In response to Interrogatory Nos. 1-2, 9-10, 12-14, and 17 – and subject to the general and specific objections set forth in Northrop Grumman's Objections and Responses to Travelers'

DC: 4687524-2

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 2

and Century's First Set of Interrogatories – Northrop Grumman identifies the following as persons whom it currently believes have substantive knowledge of the below topics. All current and former employees of Northrop Grumman, as well as outside counsel, may be contacted through counsel representing Northrop Grumman:

- Northrop Grumman's claims for insurance coverage for the claims at issue in Phase 1:

    Brad Bartholomew, Aon Risk Services Inc.

    Peter Fahrenthold, Corporate Director of Risk Management and Assistant Treasurer, Northrop Grumman

    Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman

    Richard Grieves, Former Senior Corporate Counsel, Northrop Grumman

    Edward Jacobs, Former Vice President — Insurance and Assistant Treasurer, Northrop Grumman

    William Zielinski, Former Manager, Property/Casualty Insurance Department, Northrop Grumman

- Northrop Grumman's communications with the U.S. Navy, Department of Justice, New York State Department of Environmental Conservation, and/or the Bethpage, Massapequa, Aqua, or South Farmingdale Water Districts Concerning the Phase 1 Environmental Claims.

    Frank Amoroso, Former Partner, Nixon Peabody LLP

    Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

    Aaron Gershonowitz, Former Attorney, Northrop Grumman; Partner, Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana LLP

    Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

    Carol Henry, EMAGIN: Environmental Management & Global Innovations, Inc./HSW Engineering, Inc.

    Robert Howard, Partner, Latham & Watkins LLP

    Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 3

> Jill Palmer, Assistant General Counsel – Environmental, Health and Safety Law, Northrop Grumman
>
> Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
> Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Michael Tone, Former Partner, Nixon Peabody LLP
>
> Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The historical operations that allegedly gave rise to and the environmental contamination at issue in Phase 1 of this litigation at the following locations:

  o The "Former Drum Marshaling Area" at the Bethpage NWIRP

  > Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
  >
  > Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
  >
  > Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
  >
  > John Ohlmann, Former Director, Environmental Protection, Northrop Grumman
  >
  > Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
  >
  > Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
  >
  > Michael Wolfert, Senior Groundwater Geologist, ARCADIS

  o The "Recharge Basin" Area at the Bethpage NWIRP

  > Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
  >
  > Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman
  >
  > Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 4

> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> John Ohlmann, Former Director, Environmental Protection, Northrop Grumman
>
> Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
> Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Michael Wolfert, Senior Groundwater Geologist, ARCADIS

o  The "Salvage Storage" Area at the Bethpage NWIRP

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> John Ohlmann, Former Director, Environmental Protection, Northrop Grumman
>
> Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
> Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Michael Wolfert, Senior Groundwater Geologist, ARCADIS

o  The "Grumman-Steel Los III Plant 2 Site" at the Bethpage Facility

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman
>
> Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 5

        John Ohlmann, Former Director, Environmental Protection, Northrop Grumman

        Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

        Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Michael Wolfert, Senior Groundwater Geologist, ARCADIS

o   The "South Recharge Basins" Area at the Bethpage Facility

        Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

        Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman

        Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        John Ohlmann, Former Director, Environmental Protection, Northrop Grumman

        Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

        Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Michael Wolfert, Senior Groundwater Geologist, ARCADIS

o   The "Former Settling Ponds" Area at the Bethpage Community Park

        Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

        Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS