COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 6

        Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Richard Walka, Senior Vice President, Dvirka & Bartilucci Engineers and Architects, P.C.

        Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The "Rag Pit" Area at the Bethpage Community Park

        Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

        Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Robert Jasinkonis, Former Superintendent and Foreman, Roads & Grounds, Northrop Grumman

        Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

        Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Richard Walka, Senior Vice President, Dvirka & Bartilucci Engineers and Architects, P.C.

        Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The "Fire Training Area" at the Bethpage Community Park

        Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

        Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

        Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 7

> Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Richard Walka, Senior Vice President, Dvirka & Bartilucci Engineers and Architects, P.C.
>
> Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- o The "Site 1 Disposal" Area at the Calverton Facility

> Clifford Heitman, Former Manager, Traffic Administration, Northrop Grumman

- The 1986 Initial Assessment Study conducted by the Navy.

> John Ohlmann, Former Director, Environmental Protection, Northrop Grumman

- The March 1995 Record of Decision for the Bethpage Facility (NGINS000010496).

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman
>
> Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

- The March 2001 Record of Decision for the Bethpage Facility (NGINS000010533).

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
> Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
> Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The 1993 Remedial Investigation and 1994 Feasibility Study mentioned in the May 1995 Record of Decision for Operable Unit ("OU") 1 (NGINS000615035) of the Bethpage Facility.

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 8

>   Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services, Northrop Grumman
>
>   John Ohlmann, Former Director, Environmental Protection, Northrop Grumman

- The April 2003 Record of Decision for OU-2 of the Bethpage Facility (NGINS000176741).

>   Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman

- Remedial measures taken in connection with OU-2 of the Bethpage Facility (such as the pump-and-treat system).

>   Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Carol Henry, EMAGIN: Environmental Management & Global Innovations, Inc./HSW Engineering, Inc.
>
>   Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
>   Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The 2005 Order on Consent concerning the Remedial Investigation / Feasibility Study at the Bethpage Community Park (NCINS000295680).

>   Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>   Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 9

    Michael Wolfert, Senior Groundwater Geologist, ARCADIS

- The September 2002 Record of Decision concerning the Calverton Facility (NGINS000673987).

  The September 2002 Record of Decision concerning the Calverton Facility (NGINS000673987) was issued by the U.S. Navy, purportedly in consultation with the New York State Department of Environmental Conservation, the Suffolk County Department of Health Services, and the New York State Department of Health. (*See* NGINS000673993.) As described in the Record of Decision, the U.S. Navy is the lead agency for the project. Northrop Grumman was not involved in the issuance of the Record of Decision. Accordingly, the following individuals are persons whom Northrop Grumman has identified as having signed the Record of Decision or as persons who prepared several of the environmental reports listed in the Record of Decision's "Administrative Record" (NGINS000674025):

    Francis P. Castaldo, CDR, CEC, USN, Military Deputy, Shore Station Management, Naval Air Systems Command

    David D. Brayack, Halliburton NUS Corporation/Tetra Tech NUS, Inc.

    John J. Trepanowski, Halliburton NUS Corporation/Tetra Tech NUS, Inc.

**B.**   **Interrogatory No. 11**

  In response to Interrogatory No. 11 – and subject to the general and specific objections set forth in Northrop Grumman's Objections and Responses to Travelers' and Century's First Set of Interrogatories – Northrop Grumman identifies the following as current or former employees, agents, or representatives of Northrop Grumman whom Northrop Grumman currently believes had substantive communications with governmental agencies or entities or Environmental Claimants regarding the alleged environmental contamination at issue in the Phase I environmental claims or its remediation:

    Frank Amoroso, Former Partner, Nixon Peabody LLP

    Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical, Northrop Grumman

    Aaron Gershonowitz, Former Attorney, Northrop Grumman; Partner, Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana LLP

    Edward Hannon, Manager, Environmental, Safety, Health & Medical, Northrop Grumman

    Carol Henry, EMAGIN: Environmental Management & Global Innovations, Inc./HSW Engineering, Inc.

COVINGTON & BURLING LLP

Mary Beth Forshaw
December 21, 2012
Page 10

>Robert Howard, Partner, Latham & Watkins LLP
>
>Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>John Ohlmann, Former Director, Environmental Protection, Northrop Grumman
>
>Jill Palmer, Assistant General Counsel – Environmental, Health and Safety Law, Northrop Grumman
>
>Carlo San Giovanni, Principal Scientist/Certified Project Manager, ARCADIS
>
>Kent Smith, Manager, Environmental, Safety, Health & Medical, Northrop Grumman
>
>Michael Tone, Former Partner, Nixon Peabody LLP,

>>Sincerely,
>>
>>*Edward H. Rippey*
>>
>>Edward H. Rippey

cc:   All counsel of record

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRAVELERS INDEMNITY COMPANY,                    :
TRAVELERS INDEMNITY COMPANY OF                  :  12 Civ. 3040 (KBF)
CONNECTICUT, formerly known as TRAVELERS        :
INDEMNITY COMPANY OF RHODE ISLAND,              :
TRAVELERS CASUALTY AND SURETY                   :
COMPANY, formerly known as THE AETNA            :
CASUALTY AND SURETY COMPANY, and                :
TRAVELERS PROPERTY CASUALTY                     :
COMPANY OF AMERICA, formerly known as           :
TRAVELERS INDEMNITY COMPANY OF                  :
ILLINOIS,                                       :
                                                :
         Plaintiffs,                            :  **ECF CASE**
                                                :
    vs.                                         :
                                                :
NORTHROP GRUMMAN CORPORATION,                   :
NORTHROP GRUMMAN SYSTEMS                        :
CORPORATION,                                    :
                                                :
         Defendants,                            :
                                                :
and                                             :
                                                :
CENTURY INDEMNITY COMPANY, eventual             :
successor in interest to INSURANCE COMPANY      :
OF NORTH AMERICA,                               :
                                                :
         Nominal Defendant.                     :
-----------------------------------------------------------------x

### NORTHROP GRUMMAN CORPORATION'S AND NORTHROP GRUMMAN SYSTEMS CORPORATION'S OBJECTIONS AND RESPONSES TO TRAVELERS' AND CENTURY'S FIRST SET OF INTERROGATORIES

Defendant Northrop Grumman Corporation and Defendant/Counterclaimant/

Crossclaimant Northrop Grumman Systems Corporation (collectively, "Northrop Grumman")

hereby object and respond as follows to the First Set of Interrogatories propounded by The

Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut, Travelers

### Specific Objections and Responses

Without waiving or restricting any of its General Objections and Responses set forth above, and expressly incorporating each General Objection and Response, Northrop Grumman objects and responds as follows to the individual Interrogatories:

### INTERROGATORY NO. 1:

**Identify each and every Person who has been involved in any way with Northrop Grumman's processing, evaluating, reviewing and investigating or responding to the Underlying Claims, including without limitation any investigation of the Underlying Claims and remediation or potential or contemplated remediation of any alleged contamination at or emanating from any of the Sites and/or Concerning the Underlying Claims.**

### RESPONSE:

Northrop Grumman objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to engage in the unfeasible task of identifying "each and every Person" who has been involved "in any way" with the investigation, evaluation, or remediation concerning any "Underlying Claim" or any other "alleged contamination at or emanating from any of the Sites." Moreover, without any temporal limitation, the request spans many decades. Northrop Grumman further objects to this Interrogatory on the grounds that the terms "processing" and "responding to," as well as the phrase "contamination at or emanating from," are vague and ambiguous.

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that the following are persons whom Northrop Grumman currently believes are the most knowledgeable about Northrop Grumman's investigation, evaluation, and remediation of groundwater

contamination and other environmental property damage at issue in the Phase 1 Environmental Claims.[2] They may be contacted through counsel for Northrop Grumman:

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical
>
> Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services
>
> Edward Hannon, Manager, Environmental, Safety, Health & Medical
>
> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical
>
> John Ohlmann, Former Director, Environmental Protection
>
> Kent Smith, Manager, Environmental, Safety, Health & Medical
>
> ARCADIS (principal contact, Carlo San Giovanni)
>
> EMAGIN: Environmental Management & Global Innovations, Inc./HSW Engineering, Inc. (principal contact, Carol Henry)

**INTERROGATORY NO. 2:**

**Identify each and every Person who has been involved in any way with safety engineering, waste management, waste disposal, environmental health, environmental hygiene, industrial hygiene or remediation from alleged contamination at or emanating from each of the Sites for each year that each of the Sites was in operation, including without limitation each and every Person knowledgeable regarding the operations at the Sites that allegedly gave rise to the Underlying Claims.**

---

[2] Whenever used in these Objections and Responses, the term "Phase 1 Environmental Claims" will be defined as set forth in the First Set of Document Requests of Northrop Grumman Corporation and Northrop Grumman Systems Corporation:

"The term 'Phase 1 Environmental Claims' means any Environmental Claims asserted against Northrop Grumman and relating to or arising out of the manufacturing or production operations at the Bethpage Facility or the Calverton Facility. The Phase 1 Environmental Claims include all Environmental Claims that seek recovery from Northrop Grumman for cleanup costs and other damages relating to alleged groundwater contamination or other environmental property damage at, in the vicinity of and/or emanating from the following geographic locations, whether alone or in combination with other locations: (i) Aqua NY Water District, Merrick, NY; (ii) Bethpage Facility, Bethpage, NY; (iii) Bethpage NWIRP, Bethpage, NY; (iv) Bethpage Community Park, Bethpage NY; (v) Bethpage Water District, Bethpage, NY; (vi) Calverton NWIRP, Calverton, NY; (vii) Massapequa Water District, Massapequa, NY; and (viii) South Farmingdale Water District, South Farmingdale, NY."

**RESPONSE:**

Northrop Grumman objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to engage in the unfeasible task of identifying "each and every Person" who has been involved "in any way" with various operations (e.g., safety engineering, waste disposal, etc.) at "the Sites," which are defined to include entities (e.g., water districts) that were never part of Northrop Grumman and over whose internal operations Northrop Grumman has had no control. Moreover, without any temporal limitation, the Interrogatory spans many decades. Northrop Grumman further objects to this Interrogatory on the grounds that it is vague and ambiguous, including but not necessarily limited to its use of the phrase "contamination at or emanating from each of the Sites."

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that the following are persons whom Northrop Grumman currently believes are the most knowledgeable about the operations at the Bethpage Facility and the Calverton Facility that have allegedly given rise to the groundwater contamination and other environmental property damage at issue in Phase 1 of this litigation. They may be contacted through counsel for Northrop Grumman:

        Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical
        Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services
        Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical
        John Ohlmann, Former Director, Environmental Protection

**INTERROGATORY NO. 3:**

Identify each and every Person who has been responsible for insurance or risk management at or on behalf of Northrop Grumman for each year that each of the Bethpage Facility Site, the Bethpage NWIRP Site, the Bethpage Community Park, and the Calverton NWIRP Site was in operation.

**RESPONSE:**

Northrop Grumman objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to engage in the unfeasible task of identifying "each and every Person" who has been responsible for "insurance or risk management at or on behalf of Northrop Grumman" without defining or limiting the terms "insurance" or "risk management." The Interrogatory therefore seeks the identity of each and every person who has ever been responsible for any aspect of insurance or risk management of any kind at Northrop Grumman over the course of the Bethpage Facility's and Calverton Facility's decades of operations, including persons responsible for workers' compensation insurance, health insurance, automobile liability insurance, product liability insurance, and other insurance not relevant to the environmental property damage claims at issue in this litigation. Moreover, without any temporal limitation, the Interrogatory spans many decades. Northrop Grumman further objects to this Interrogatory on the grounds that the reference to "responsible for insurance or risk management at or on behalf of Northrop Grumman" is vague and ambiguous.

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that the following are risk managers whom Northrop Grumman currently believes have been responsible at Northrop Grumman for liability insurance that provides coverage for environmental property


damage relating to the Bethpage Facility or the Calverton Facility. They may be contacted through counsel for Northrop Grumman:

> Pamela Dahlberg, Aerospace Services Sector Risk Manager
> Edward Jacobs, Former Vice President – Insurance and Assistant Treasurer
> Donald Owens, Former Manager, Sector Risk Management
> L.D. Rockwell, Former Insurance Manager (deceased)
> William Zielinski, Former Manager, Property/Casualty Insurance Department

**INTERROGATORY NO. 4:**

**Identify each and every Policy constituting Northrop Grumman's primary and excess liability insurance Policies in place from January 1, 1929 to the present.**

**RESPONSE:**

Northrop Grumman objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to identify "each and every" of Northrop Grumman's "primary and excess liability insurance Policies," which are defined broadly to include even liability insurance connected solely to automobile coverage and other coverage not relevant to the environmental property damage claims at issue in this litigation. Northrop Grumman further objects to this Interrogatory to the extent that it seeks information that is within the knowledge, custody and/or control of Travelers and/or Century, or is otherwise equally accessible to Travelers or Century, which issued primary and excess liability insurance policies to Northrop Grumman between at least 1951 and 1996 that provide coverage for environmental property damage.

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that it has identified the following insurance policies issued by Travelers and/or Century (either directly or



**REQUEST NO. 6:**

Identify each and every Person who has been involved in any way with Northrop Grumman's attempt to obtain insurance coverage or indemnification from Travelers, Century and/or any other insurer or third-party for any of the Underlying Claims.

**RESPONSE:**

Northrop Grumman objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to engage in the unfeasible task of identifying "each and every Person" who has been involved "in any way," including a clerk or administrative assistant performing ministerial tasks, with the Northrop Grumman's effort to "obtain insurance coverage" for any "Underlying Claim." Northrop Grumman further objects to this Interrogatory on the ground that the phrase "attempt to obtain . . . indemnification from" is vague and ambiguous. Northrop Grumman further objects to this Interrogatory to the extent that it seeks information that is within the knowledge, custody and/or control of Travelers and/or Century, or is otherwise equally accessible to Travelers or Century.

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that the following are persons whom Northrop Grumman currently believes are the most knowledgeable about Northrop Grumman's overall efforts to obtain insurance coverage from Travelers and Century for the Phase 1 Environmental Claims. They may be contacted through counsel for Northrop Grumman:

> Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services
> 
> Richard Grieves, Former Senior Corporate Counsel

William Zielinski, Former Manager, Property/Casualty Insurance Department

Northrop Grumman further responds that the following are persons whom Northrop Grumman also currently believes are the most knowledgeable about Northrop Grumman's overall efforts to obtain insurance coverage from Travelers and Century for the Phase 1 Environmental Claims:

| NAME | LAST KNOWN ADDRESS | LAST KNOWN PLACE OF EMPLOYMENT |
|---|---|---|
| Brad Bartholomew | 707 Wilshire Boulevard Suite 6000 Los Angeles, CA 90017 | Aon Risk Services Inc. |

**INTERROGATORY NO. 7:**

Identify each and every claim, notice of claim, or potential claim made by Northrop Grumman and/or any of its predecessors for insurance coverage for alleged property damage at or emanating from the Sites under each and every primary and excess liability insurance Policy in place from January 1, 1929 to the present, and each and every response from any insurer, including without limitation Identifying each and every Person involved in any way with the making of such claim, notice of claim or potential claim, and all Documents Concerning any such claim, notice of claim or potential claim.

**RESPONSE:**

Northrop Grumman objects to this Interrogatory on the ground that it seeks to impose requirements or obligations on Northrop Grumman in addition to or different from those allowed under Local Civil Rule 33.3, which restricts interrogatories propounded at the commencement of discovery to "seeking names of witnesses . . ., the computation of . . . damage alleged, and the existence, custodian, location and general description of relevant documents . . . ." Northrop Grumman also objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. For example, it directs Northrop Grumman to engage in the unfeasible task of identifying "each and every Person,"



other environmental property damage at issue in Phase 1 of this litigation. They may be contacted through counsel for Northrop Grumman:

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical
>
> Arthur Gibson, Former Director, Environmental, Safety, Health & Medical Services
>
> Edward Hannon, Manager, Environmental, Safety, Health & Medical
>
> Larry Leskovjan, Former Manager, Environmental, Safety, Health & Medical
>
> John Ohlmann, Former Director, Environmental Protection
>
> Kent Smith, Manager, Environmental, Safety, Health & Medical
>
> ARCADIS (principal contact, Carlo San Giovanni)
>
> EMAGIN: Environmental Management & Global Innovations, Inc./HSW Engineering, Inc. (principal contact, Carol Henry)

Northrop Grumman further responds by referring to Northrop Grumman's written responses, and the documents produced in response, to the Insurers' Document Request Nos. 29 and 32. *See* Fed. R. Civ. P. 33(d).

### INTERROGATORY NO. 14:

**Identify each and every spill or incident of accidental contamination or pollution at any of the Sites, including without limitation Identifying any and all Persons knowledgeable and all Documents concerning such spills or incidents of accidental contamination or pollution.**

### RESPONSE:

Northrop Grumman objects to this Interrogatory on the ground that it seeks to impose requirements or obligations on Northrop Grumman in addition to or different from those allowed under Local Civil Rule 33.3, which restricts interrogatories propounded at the commencement of discovery to "seeking names of witnesses . . ., the computation of . . . damage alleged, and the existence, custodian, location and general description of relevant documents . . . ." Northrop Grumman further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and requests disclosure of information that is not relevant or