reasonably calculated to lead to the discovery of admissible evidence. For example, the Interrogatory directs Northrop Grumman to engage in the unfeasible task of identifying "all Documents" concerning "each and every spill" "at any of the Sites." As written, the Interrogatory is not even directed to seeking information about "spills" that are alleged to have caused or that may have caused the groundwater contamination and other environmental property damage at issue in Phase 1 of this litigation. Moreover, without any temporal limitation, the Interrogatory spans many decades. Northrop Grumman further objects to the Interrogatory on the ground that it is vague and ambiguous conceptually and in regard to specific terms (*e.g.*, "spills"). Northrop Grumman further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other immunity or privilege.

Given the overbreadth of this Interrogatory, and subject to and without waiving the foregoing objections or its General Objections, Northrop Grumman responds that the following are persons whom Northrop Grumman currently believes are the most knowledgeable about spills, leaks, and other releases of waste materials at the Bethpage Facility or the Calverton Facility that involved contaminants that are alleged to have caused the groundwater contamination or other environmental property damage at issue in Phase 1 of this litigation. They may be contacted through counsel for Northrop Grumman:

> Jean-Pierre (John) Cofman, Former Engineer, Environmental, Safety, Health & Medical
> John Ohlmann, Former Director, Environmental Protection

Northrop Grumman further responds by referring to Northrop Grumman's responses, and the documents produced in response, to the Insurers' Document Request Nos. 31 and 37. *See* Fed. R. Civ. P. 33(d).

# Exhibit E

# SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2846

E-MAIL ADDRESS
mforshaw@stblaw.com

BY EMAIL

May 6, 2013

Re: *Travelers Indemnity Co., et al. v. Northrop Grumman Corp., et al.* Case No. 1:12-cv-3040 (KBF)

P. Benjamin Duke, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

William F. Greaney, Esq.
Georgia Kazakis, Esq.
Edward H. Rippey, Esq.
R. Laird Hart, Esq.
Fritz Scanlon, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004

Dear Counsel:

   We write to address certain deposition scheduling and expert issues in follow-up to our April 17, 2013 meet and confer.

   During our meet and confer, Northrop Grumman indicated that it might be willing to stipulate that Linda Olic and Pamela Dahlberg will not be called as witnesses at trial and will not be used as affiants if Travelers and Century would agree not to take their depositions. Travelers has considered Northrop Grumman's offer and determined that it would like to go forward with Ms. Olic's and Ms. Dahlberg's depositions. Please provide dates for their depositions. Northrop Grumman also indicated it would consider stipulating that it will not call certain other witnesses at trial and will not rely on them as affiants if Travelers and Century agree not to take their depositions. Please advise whether Northrop Grumman is willing enter into a stipulation with respect to any of the additional witnesses listed in Northrop Grumman's February 22, 2013 letter.

BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   PALO ALTO   SAO PAULO   TOKYO   WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

P. Benjamin Duke, Esq.  
William F. Greaney, Esq.  
Georgia Kazakis, Esq.  
Edward H. Rippey, Esq.  
R. Laird Hart, Esq.  
Fritz Scanlon, Esq.

May 6, 2013

-2-

We are also writing to express our concern that Northrop Grumman has not been forthright in its interrogatory responses and its February 22, 2013 letter, causing Travelers and Century to take unnecessary depositions. At his deposition on May 1, Mr. Stover testified that the title listed in Northrop Grumman's February 22, 2013 letter was incorrect, and that he did not, in fact, have any substantive knowledge concerning the topics that Northrop Grumman indicated he had substantive knowledge of. Please confirm that the additional witnesses identified in Northrop Grumman's February 22, 2013 letter do indeed possess the substantive knowledge concerning the topics for which they are identified. Travelers would, of course, like to avoid taking unnecessary depositions.

Northrop Grumman indicated during the meet and confer that Magda Preisz and Marilyn Marlek are not be able to sit for depositions due to illness. Travelers reiterates its request that these witnesses be made available for deposition. We would be willing to take these depositions after the close of fact discovery if that is the only time these witnesses are physically capable of providing deposition testimony. If Ms. Preisz and Ms. Marlek are truly unable to give depositions, please provide written confirmation of that fact from their doctors. Travelers reserves the right to seek a stipulation from Northrop Grumman that it will not rely on Ms. Preisz or Ms. Marlek as witnesses or affiants in this case if they cannot be made available for deposition.

In addition, Northrop Grumman indicated that Anthony Lucidi may be too ill to testify. Please promptly advise whether Mr. Lucidi's deposition will go forward on May 14, 2013 as scheduled. Travelers reserves the right to seek confirmation of Mr. Lucidi's medical condition from his doctors and to seek a stipulation from Northrop Grumman that it will not to rely on his testimony should that become necessary.

Also during the April 17 meet and confer, Northrop Grumman informed Travelers and Century that it had not yet been able to contact Joseph Morgese and Richard Grieves in order to schedule their depositions. Please advise as to the status of Northrop Grumman's attempts to contact Messrs. Morgese and Grieves and provide dates for their depositions. Northrop Grumman also promised to provide new dates for the Dvirka & Bartilucci witnesses during the week of June 17. Please provide us with those dates as well.

Finally, with respect to expert reports and expert discovery, Northrop Grumman proposed that the parties simultaneously exchange opening expert reports on July 11, 2013 and forego rebuttal reports. Travelers does not agree with that proposal. As we indicated during the meet and confer, Travelers proposes that the parties simultaneously exchange opening expert reports at 5:00 PM on July 3, 2013, and simultaneously exchange rebuttal expert reports at 5:00 PM

SIMPSON THACHER & BARTLETT LLP

P. Benjamin Duke, Esq.  May 6, 2013
William F. Greaney, Esq.
Georgia Kazakis, Esq.
Edward H. Rippey, Esq.
R. Laird Hart, Esq.
Fritz Scanlon, Esq.

-3-

on July 19, 2013. Expert depositions can then be scheduled for between July 22 and August 15. Please advise whether Northrop Grumman will agree to this schedule.

Sincerely,

Mary Beth Forshaw

cc: Seth Goodman Park, Esq.
Siegal & Park
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054

Guy A. Cellucci, Esq.
Shane R. Heskin, Esq.
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103

# Exhibit F

**Redacted Pursuant to Protective Order**

# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRAVELERS INDEMNITY CO., et al.,

        Plaintiffs,

    -v-

NORTHROP GRUMMAN CORP., et al.,

        Defendants,

and

CENTURY INDEMNITY CO., eventual successor in interest to INSURANCE CO. OF NORTH AMERICA,

        Nominal Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 27, 2013

12 Civ. 3040 (KBF)

ORDER
Sixth Letter Motion

KATHERINE B. FORREST, District Judge:

    This Court has received a joint request by Travelers Indemnity Co. ("Travelers") and Century Indemnity Co. ("Century") for production of thirty-four email chains from the files of Aon Risk Services, Inc. ("Aon") and 161 documents reflected on Northrup Grumman Corporation's ("Northrop") privilege log. The initial letter from Travelers is dated March 18, 2013. That letter was followed by a letter from Century, dated March 19, 2013, a responsive letter from Northrop, dated March 21, 2013, another letter from Travelers and Century, dated March 25, 2013, and a final letter from Northrop, dated March 26, 2013. The Court refers to Travelers' and Century's request as the Sixth Letter Motion.

1

This is a large insurance dispute — implicating coverage issues in numerous policies covering decades. Aon was, and perhaps continues to be, Northrop's insurance broker. Apparently Aon has historical knowledge regarding the subject policies.

Travelers' and Century's discovery requests call for, inter alia, materials exchanged between Aon and Northrop. Northrop initially withheld a number of such documents on the basis of attorney-client privilege or as work product; however, on March 15, 2013, Northrop advised counsel for Travelers and Century that it planned to re-review the withheld Aon documents in light of additional direction (and protections from waiver) provided by court orders and at the most recent conference with the Court. Thereafter, Northrop produced "hundreds" of such documents. Its production was accompanied by affidavits that Northrop states provide the basis for withholding the remaining documents (thirty-four email chains and 161 documents).

Travelers and Century are correct that the party asserting privilege or protection as work product bears the burden of establishing the basis for such assertion. On the basis of representations in its letter submissions on this issue, Northrop has provided such a prima facie basis.

This Court notes that third parties may be retained in connection with actual or prospective litigation such that their mental impressions are immune from discovery as work product. Whether particular assertions of work product withstand scrutiny is a fact-specific inquiry. Here, Northrop represents that it has

provided Travelers and Century with affidavit support for its position; it also asserts that it has not withheld any documents such as policies, notice letters, communications between Aon, Travelers and Century, or documents reflecting Grumman's evolving historical knowledge of the conditions at the Bethpage and Calverton facilities. These representations are sufficient to avoid an order of production at this time.

To the extent that Travelers and/or Century continue to believe that their time in this busy litigation is well spent pursuing the remaining, withheld Aon documents, the Court will allow a few (few) depositions of the relevant affiants and of Aon — to "kick the tires" of the work product/privilege assertion. If, after taking such deposition(s), either Travelers or Century believes that it has a basis to renew its motion, the Court will allow that.

The Court notes that Travelers has argued that it needs the withheld documents to prepare its deponent for a 30(b)(6) deposition relating, in part, to Aon. The Court does not find that to be an independently compelling reason to require production. That is particularly so in light of Northrop's representation that no factual materials are being withheld and that the remaining withheld documents only contain or reflect mental impressions.

Accordingly, it is hereby

ORDERED that Travelers' and Century's request for production of the 34 email chains and 161 documents relating to Aon is DENIED at this time, subject to renewal if later deemed appropriate.

SO ORDERED.

Dated:    New York, New York
             March 27, 2013

                                            KATHERINE B. FORREST
                                            United States District Judge

# Exhibit H

**Redacted Pursuant to Protective Order**

# Exhibit I

**Redacted Pursuant to Protective Order**

# Exhibit J