UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY COMPANY,
TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT, formerly known as
TRAVELERS INDEMNITY COMPANY OF
RHODE ISLAND, TRAVELERS CASUALTY AND
SURETY COMPANY, formerly known as
THE AETNA CASUALTY AND SURETY
COMPANY, AND TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,
formerly known as TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,

        Plaintiffs,

        v.

NORTHROP GRUMMAN CORPORATION,
NORTHROP GRUMMAN SYSTEMS
CORPORATION,

        Defendants,

*and*

CENTURY INDEMNITY COMPANY, eventual
successor in interest to INSURANCE COMPANY
OF NORTH AMERICA,

        Nominal Defendant.

12-CV-03040 (KBF)(FM)

**DECLARATION OF
JOHN F. SCANLON**

ECF CASE

I, John F. Scanlon, declare as follows pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney at the law firm of Covington & Burling LLP, counsel to Defendant Northrop Grumman Corporation and Defendant and Counterclaim/Crossclaim-Plaintiff Northrop Grumman Systems Corporation (collectively, "Northrop Grumman"). I am a member in good standing of the bars of the State of New York and the District of Columbia.

This Declaration is submitted in support of Northrop Grumman's Opposition to Travelers' and Century's Motion for Partial Summary Judgment Regarding the Calverton Site.

2.      I have personal knowledge of the facts set forth in this Declaration, which I make to place before the Court documents and testimony relevant to its determination of Northrop Grumman's Opposition to Travelers' and Century's Motion for Partial Summary Judgment Regarding the Calverton Site.

3.      Attached hereto as Exhibit 1 is a true and correct copy of a document identified as "Grumman and Long Island's Groundwater: Protecting Future Resources," dated March 18, 1982, which was produced in this litigation by Northrop Grumman.

4.      Attached hereto as Exhibit 2 is a true and correct copy of a document identified as Contract No. N00019-84-L0075, between the Department of the Navy and Grumman Aircraft Engineering Corporation, dated April 1, 1984, which was produced in this litigation by the United States of America.

5.      Attached hereto as Exhibit 3 is a true and correct copy of a document identified as a letter from Judith A. P. Hare of the Department of the Navy to Grumman Aerospace Corporation, dated January 30, 1991, which was produced in this litigation by Northrop Grumman.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a document identified as "RCRA Facility Investigation Work Plan for Naval Weapons Industrial Reserve Plant Calverton, New York," dated July 1993, which was produced in this litigation by Northrop Grumman.

7.      Attached hereto as Exhibit 6 is a true and correct copy of a document identified as a letter from Grumman Aerospace Corporation, Aircraft Systems Division, to Commander,

Naval Air Systems Command, dated January 24, 1995, which was produced in this litigation by Northrop Grumman.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a document identified as "The National Biennial RCRA Hazardous Waste Report (Based on 1993 Data), List of Treatment, Storage, or Disposal Facilities in the United States," dated August 1995, which was obtained from the Environmental Protection Agency and is available at http://www.epa.gov/osw/inforesources/data/br93/na-pdf.pdf.

9.      Attached hereto as Exhibit 8 is a true and correct copy of a document identified as "RCRA Facility Investigation Addendum for Naval Weapons Industrial Reserve Plant Calverton, New York," dated September 1995, which was produced in this litigation by Northrop Grumman.

10.     Attached hereto as Exhibit 9 is a true and correct copy of a document identified as "Resource Conservation and Recovery Act Facility Assessment," dated November 1995, which was produced in this litigation by Northrop Grumman.

11.     Attached hereto as Exhibit 10 is a true and correct copy of a document identified as an interoffice memorandum from A. Gibson of Grumman to C. Dennehy of Grumman, dated December 14, 1995, and an enclosures identified as "Quarterly Environmental Remediation Reporting Forms," which were produced in this litigation by Northrop Grumman.

12.     Attached hereto as Exhibit 11 is a true and correct copy of a document identified as "Amendment No. 3 to Agreement of Lease N00019-84-L-0075 Between the United States of America and Grumman Aerospace Corporation," dated February 14, 1996, which was produced in this litigation by the United States of America.

13.     Attached hereto as Exhibit 12 is a true and correct copy of a document identified as a letter from John Cofman of Grumman Corporation to Jeffrey McCullough of NYSDEC, dated June 27, 1996, and an enclosure identified as "Record of Decision Grumman Aerospace Corporation - McKay Lake" dated June 1996, which were produced in this litigation by Northrop Grumman.

14.     Attached hereto as Exhibit 13 is a true and correct copy of a document identified as a letter from H. Quigley of Northrop Grumman Corporation to Commander, Naval Air Systems Command, dated December 5, 1996, which was produced in this litigation by Northrop Grumman.

15.     Attached hereto as Exhibit 14 is a true and correct copy of a document identified as "RCRA Facility Assessment - Sampling Visit Addendum for Naval Weapons Industrial Reserve Plant Calverton, New York," dated January 1997, which was produced in this litigation by Northrop Grumman.

16.     Attached hereto as Exhibit 15 is a true and correct copy of a document identified as a draft of "Phase 2 RCRA Facility Investigation for Naval Weapons Industrial Reserve Plant," dated January 1998, which was produced in this litigation by Northrop Grumman.

17.     Attached hereto as Exhibit 16 is a true and correct copy of a document identified as a letter from Jeffrey McCullough of NYSDEC to John Cofman of Northrop Grumman Corp., dated February 11, 1998, and attached documents identified as a transmission report and fax cover sheet, which were produced in this litigation by Northrop Grumman.

18.     Attached hereto as Exhibit 17 is a true and correct copy of a document identified as "Amendment No. 4 Amendment and Termination of Agreement of Lease N00019-84-L-0075

Between the United States of America and Grumman Aerospace Corporation," dated September 4, 1998, which was produced in this litigation by the United States of America.

19.     Attached hereto as Exhibit 18 is a true and correct copy of a document identified as a letter from John A. Wieland of NYSDEC to James L. Colter of the Navy, dated April 18, 2000, and an enclosure identified as "Permit Under the Environmental Conservation Law," effective April 30, 2000, which were produced in this litigation by Northrop Grumman.

20.     Attached hereto as Exhibit 19 is a true and correct copy of a document identified as "Data Summary Report for Site 6A -- Fuel Calibration Area and Southern Area," dated September 2005, which was produced in this litigation by the United States of America.

21.     Attached hereto as Exhibit 20 is a true and correct copy of excerpts of the deposition transcript of Clyde Stover, dated May 1, 2013.

22.     Attached hereto as Exhibit 21 is a true and correct copy of excerpts of the deposition transcript of Jean-Pierre (John) Cofman, volume one, dated May 23, 2013.

23.     Attached hereto as Exhibit 22 is a true and correct copy of excerpts of the deposition transcript of James Peter Kennedy, dated May 29, 2013.

24.     Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the deposition transcript of Peter D. Fahrenthold, dated May 31, 2013.

25.     Attached hereto as Exhibit 24 is a true and correct copy of excerpts of the deposition transcript of Clifford Heitman, dated June 4, 2013.

26.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts of the deposition transcript of John Ohlmann, dated June 12, 2013.

27.     Attached hereto as Exhibit 26 is a true and correct copy of excerpts of the deposition transcript of Jean-Pierre (John) Cofman, volume two, dated July 17, 2013.

28.     Attached hereto as Exhibit 27 is a true and correct copy of excerpts of the deposition transcript of Richard M. Walka, Jr., dated July 24, 2013.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 19, 2013 in Washington, DC.

John F. Scanlon