COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

THOMAS L. CUBBAGE III
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401
T 202.662.5464
tcubbage@cov.com

September 19, 2013

BY ECF, E-MAIL & HAND DELIVERY

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 745
New York, NY 10007

   Re: *Travelers Indemnity Co. et al* v. *Northrop Grumman Corp. et al.*
     Case No. 12-CV -3040 (KBF) (SDNY)

Dear Judge Forrest:

  Northrop Grumman Corp. and Northrop Grumman Systems Corp. respectfully request that the Court compel third-party Guy Carpenter and Company LLC to produce forthwith all attachments omitted from documents it produced in response to Northrop Grumman's subpoena.

  A few days ago, Northrop Grumman learned that Guy Carpenter systematically failed to find and produce a whole category of documents responsive to its subpoena. Guy Carpenter is Travelers' reinsurance broker, and the unproduced documents are attachments to letters that Guy Carpenter sent in the 1990s to reinsurers on Travelers' behalf. Such letters provided notice of, or updates on, certain underlying environmental claims asserted against Grumman. Northrop Grumman subpoenaed Guy Carpenter in April 2013. *See* Exhibit A. Despite Northrop Grumman's effort to negotiate a timely production schedule, Guy Carpenter did not finish its production until July.[1] In response to concerns raised by Northrop Grumman in August, Guy Carpenter recently admitted that it failed to produce dozens, and possibly hundreds, of attachments from its productions. Yet Guy Carpenter has informed Northrop Grumman that the missing documents are not immediately forthcoming. While Northrop Grumman regrets having to involve the Court in this dispute, Northrop Grumman has been trying for months to obtain all responsive Guy Carpenter documents, has encountered concerted obstruction, and has no further time to lose.

---

[1]  The delay stemmed, in part, from Travelers' demand to review all documents before production, notwithstanding the absence of any "reinsurer-reinsured privilege" under New York law, the arms-length nature of that contractual relationship, and the fact that Travelers and its affiliates regularly sue their reinsurers in disputes over coverage of asbestos and environmental claims. *See, e.g.*, *USF&G Co. v. Am. Re-Ins. Co.*, 20 N.Y.3d 407 (2013).

DC: 5002658-6

COVINGTON & BURLING LLP

Hon. Katherine B. Forrest
September 19, 2013
Page 2

      This is not the first time Northrop Grumman has been forced to seek the Court's assistance to obtain relevant reinsurance materials.  In February 2013, Northrop Grumman moved for an order compelling Travelers to produce documents concerning communications between Travelers and its reinsurers related to the environmental claims at issue in Phase I.  *See* Dkt. 131.  On March 11, the Court granted Northrop Grumman's motion, recognizing that such documents could defeat Travelers' notice and other defenses because "communications between Travelers and a reinsurer on the claims here, following notice by Northrop, may well bear on what Travelers knew and when it knew it."  Dkt. 125 at 4.  The Court ordered Travelers to produce all communications between Travelers and its reinsurers within a week.  *Id.* at 5.  Despite that directive, Travelers dragged out its production of reinsurance documents.  Although Travelers produced some reinsurance documents on March 18, it continued to produce hundreds of reinsurance documents for weeks thereafter.

      While slowly producing its own reinsurance documents, Travelers also interjected itself into Guy Carpenter's production of reinsurance documents.  After Travelers' production revealed Guy Carpenter as its reinsurance broker, Northrop Grumman issued a subpoena to Guy Carpenter on April 9.  For five weeks, Guy Carpenter refused to commit to dates by which it would start and complete its production.  Then, on May 15, Guy Carpenter informed Northrop Grumman -- after previously saying otherwise -- that Travelers was insisting on reviewing Guy Carpenter's documents before their production to Northrop Grumman.  Guy Carpenter's initial production of documents did not occur until May 31.[2]  Guy Carpenter's last production was on July 9.  Despite the three-month delay since the subpoena's issuance, the productions suffered from serious technical deficiencies, including the failure properly to unitize documents -- which resulted in Northrop Grumman receiving multiple 5,000+ page pdfs each combining hundreds or thousands of individual documents -- and the inclusion of huge numbers of duplicate documents.

      Although Northrop Grumman was prepared to cope with those issues, it uncovered another apparent problem with the Guy Carpenter productions while preparing its response to Travelers' motion for summary judgment on the Environmental Hazard policies: dozens of letters between Guy Carpenter and Travelers' reinsurers lacked attachments.  *See* Exhibit B.  Those letters are highly germane because they indicate that, by no later than 1991, Travelers gave "precautionary notice" of a Grumman-related claim to its Environmental Hazard treaty reinsurers.  Northrop Grumman believes that the Grumman-related claim discussed in the 1991 letters may have related to the Bethpage Facility; Travelers asserts that it did not.  The attachments to the 1991 letters clearly might settle that issue, as well as provide additional information about "what Travelers knew and when it knew it," but neither Northrop Grumman

---

[2]    This production, along with all later Guy Carpenter productions, was sent to Northrop Grumman by counsel for Travelers at Simpson Thacher & Bartlett.

COVINGTON & BURLING LLP

Hon. Katherine B. Forrest
September 19, 2013
Page 3

nor the Court will know what the attachments say until Guy Carpenter or Travelers produces them.

Northrop Grumman promptly notified Travelers' counsel of the discovery that certain attachments were missing. But neither Guy Carpenter nor Travelers has corrected this problem in a timely manner. Indeed, Travelers disclaimed any responsibility, even though its counsel reviewed the documents, transmitted the productions, and must have noticed that the attachments were missing. See Exhibit C. At Travelers' direction, see id., Northrop Grumman requested the attachments directly from Guy Carpenter on August 30. See Exhibit D. Guy Carpenter did not provide a substantive response to Northrop Grumman's letter until September 16, when a Guy Carpenter representative left a voicemail for Northrop Grumman's counsel. Much to Northrop Grumman's alarm, that message suggested that the lack of attachments might be a systemic problem that is not limited to the specific letters that Northrop Grumman had identified.

During a telephone conversation on September 18, Guy Carpenter stated that it might take one or two weeks to investigate and cure the problem that Northrop Grumman raised weeks ago. Although an email that day from Guy Carpenter to Northrop Grumman stated that "any additional documents responsive to your request" will be produced on or before September 29, see Exhibit E, the schedule of this case cannot tolerate any further delay. Today (September 19), in response to Northrop Grumman's final effort to resolve the problem without judicial intervention, Guy Carpenter stated that it merely "hope[s]" to produce documents by September 25. See Exhibit F. The extent of any production by that day was unstated; there is no assurance it would be complete.

Guy Carpenter has had since April to devote the resources needed to timely and accurately comply with its subpoena obligations. Guy Carpenter's message of September 16 confirmed that it has not done so. To prevent Northrop Grumman from suffering prejudice, Guy Carpenter must be required to comply fully and immediately with those obligations.

For the foregoing reasons, **Northrop Grumman requests that Guy Carpenter be ordered to produce directly to Northrop Grumman by September 25, 2013 all attachments and other responsive documents missing from Guy Carpenter's existing productions, including the attachments to the documents Northrop Grumman identified in the attachment to its August 30, 2013 letter to Guy Carpenter (Exhibit D hereto). The production of the attachments should be made in such a way that Northrop Grumman is able to pair each attachment with its "parent" document.**

Respectfully submitted,

/s/

Thomas L. Cubbage III