**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

VIA ECF                                                                                          June 12, 2020

Re:   *The Travelers Indem. Co., et al. v. Northrop Grumman Corp., et al.*,
      Case No. 1:16-cv-08778-LGS [rel. 1:12-cv-03040-KBF]

The Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Application GRANTED. Northrop Grumman may file 34 additional exhibit pages in support of its *Daubert* motion.**

**Dated: June 15, 2020**
**New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dear Judge Schofield:

Pursuant to the Court's May 19, 2020 Order (ECF 332), Northrop Grumman ("NG") seeks leave to submit 34 pages of exhibits in support of its motion to exclude David Pope in addition to Pope's expert report that the Court ordered to be filed with the motion. NG respectfully submits that the requested pages are necessary to the Court's evaluation of NG's *Daubert* motion. Travelers and Century consent to this request.

In the PE briefing, both parties (NG and the Insurers, respectively) will seek to present evidence they contend should assist the Court in deciding whether various chemical releases into the environment were sudden and accidental or unexpected or unintended, and thus whether such releases come within the ambit of purported "qualified pollution exclusions" in various Travelers insurance policies which the Court has ruled are still available for coverage due to its prior notice rulings. One such release was from Tank 10, an aboveground TCE storage tank which leaked sometime in the early to mid-1970s. NG contends that the release was abrupt and accidental (hence unexpected and unintended), and bases this position on the facts as they are known, and scientific literature, methodologies, and calculations that support opinions that will aid the fact finder. In support of its position, NG proffered a team of metallurgists and engineers from Rapperport Associates who ruled out corrosion as the root cause of the leak and concluded that an immediate flow of TCE leaked through a hole or crack that formed quickly after installation due to a mechanical failure at the bottom of the tank that was not visible.

Travelers contends that the root cause of the leak was corrosion, and proffered a rebuttal expert, David Pope. In his rebuttal, Pope opined that the root cause of the leak could only have been "rapid corrosion." In its motion, NG will show that Pope bases this opinion on improper interpretation of lay testimony and manifestly erroneous data that makes his opinion unreliable.

NG requests permission to submit the following documents in support of its motion:

- Pope Testimony: NG seeks to submit up to 29 pages of excerpts from Pope's deposition. These excerpts show that Pope's testimony is inadmissible for a variety of reasons.

DC: 7320998-1

**COVINGTON**

- <u>Proof That Pope Opinion Rests on False Data</u>: NG seeks to submit excerpts from three documents (5 pages) conclusively showing that Pope rests his "rapid corrosion" opinion on erroneous corrosion data. Pope relied on a corrosion rate he found in a marketing brochure. The marketing brochure erroneously reported the corrosion data of a study measuring corrosion rates in exposed steel on the coast of South Africa, a severe marine environment, which Pope then seeks to equate to the environment within the soil underneath a 4,000 gallon tank in Bethpage, NY. Pope based his entire opinion on the faulty corrosion rate. As NG's motion will explain, Pope's reliance on false data renders his opinion inadmissible. NG seeks permission to file: (i) excerpts from the marketing brochure listing the erroneous corrosion rate (3 pages); (ii) an excerpt from the primary source study that shows the correct rate (1 page); and (iii) a demonstrative illustrating the error (1 page).

      For the foregoing reasons, NG respectfully requests that the Court grant NG permission to file 34 additional pages in support of its *Daubert* motion to aid the Court's analysis.

Respectfully submitted,

 /s/ *Georgia Kazakis*
Georgia Kazakis

Cc: All Counsel of Record