

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900   **MAIN**
212.484.3990   **FAX**

afslaw.com

**Matthew F. Prewitt**
Partner
312.258.5583   **DIRECT**
matthew.prewitt@afslaw.com

June 5, 2025

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

Re:   *The Travelers Indem. Co., et al. v. Northrop Grumman Corp., et al.*,
Case No. 1:12-cv-03040-KBF [rel. 16-cv-8778-LGS]
Request for Pre-Motion Conference for Motion to Intervene and Unseal

Dear Judge Schofield:

The undersigned counsel represents non-party the Town of Oyster Bay, New York (the "Town") and respectfully requests a pre-motion conference to file a motion to intervene in the above action for the limited purpose of requesting an order unsealing documents filed in support of or in opposition to certain prior summary judgment motions in this case. Substantially the entire record on summary judgment – briefs, statements of facts, exhibits, and affidavits – has been sealed in its entirety and hidden from public view on a matter of substantial public concern – the extensive toxic contamination of the Town's Bethpage Community Park (the "Park") by defendant Northrop Grumman Systems Corporation ("Grumman").[1] These documents should be unsealed and made available to the public as judicial documents subject to the presumption of public access under the common law, the First Amendment, and well-established Second Circuit precedent.

The Town seeks disclosure of the documents that were sealed pursuant to the following orders: ECF 363, 366, 397, 416, and 439 in Case No. 12-cv-03040. The Town seeks to unseal the briefs, statements of material fact, and related exhibits and affidavits filed by plaintiff Travelers Indemnity Company ("Travelers") and defendant Grumman relating to Travelers' two motions for summary judgment (1) regarding the Park (ECF 344, Oct. 17, 2013), and (2) regarding the adjacent Grumman Bethpage Facility (ECF 358, Oct. 21, 2013). While even the titles of the specific documents have been sealed from the public record, it appears that the relevant filings include the following sealed docket entries: ECF 347, 359, 395, 421, and 441.[2]

---

[1] The contamination at the Park has been extensively covered by major publications such as Newsday. *See* The Grumman Plume: Decades of Deceit, Newsday (Feb. 18, 2020), https://projects.newsday.com/long-island/plume-grumman-navy/.

[2] The Town's counsel has inquired with this Court's Sealing Records department and has confirmed that the vault still contains these files, as well as other sealed documents in this matter, and that an unsealing order from this Court would be required to view them.

**ArentFox Schiff**

Although most of the relevant record is sealed, the Court's March 7, 2014 decision granting summary judgment (ECF 552) shows that the sealed record includes extensive discussion and evidence concerning Grumman's generation and disposal of toxic wastes contaminating the Park, which is located on land adjacent to Grumman's former manufacturing facility that Grumman used as a toxic waste dump and then donated to the Town for use as a neighborhood park. That contamination is the basis for two pending suits brought by the Town against Grumman, *Town of Oyster Bay v. Northrop Grumman Systems Corporation*, 2:05-cv-01945-DG-SIL (EDNY) ("CERCLA litigation") and *Town of Oyster Bay, v. Northrop Grumman Sys. Corp.,* No. 2:23-CV-7146-NJC-AYS (EDNY) ("RCRA litigation").

The action before this Court arose from an insurance coverage dispute between Grumman and its insurers regarding the same environmental contamination, and Grumman presented to this Court under seal a detailed account of its past disposal practices to support its claim for insurance coverage.[3] Because they were submitted on summary judgment, the court filings are clearly judicial documents to which a strong presumption of public access attaches. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (It is well-settled that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) ("[T]here exists a qualified First Amendment right of access to documents submitted to the court in connection with a summary judgment motion.")

Nonetheless, nearly the entire record on summary judgment was sealed without any proffered basis for the Court to seal the documents. In support of its motion to seal its filings opposing summary judgment, Grumman simply noted that the documents at issue "contain Confidential Information," cite exhibits stamped 'CONFIDENTIAL," and accordingly "pursuant to the Stipulated Protective Order, these documents must be filed under seal." (ECF 407, ¶ 3.) Grumman cited generally to the Court's authority to seal records but did not explain what confidential information was contained in these documents or which "countervailing factors" or "higher values" could overcome the presumption of public access. (*Id.* at ¶ 4.) *See Lugosch*, 435 F.3d at 124. Travelers, in turn, filed similar cursory support for its motions to seal its own summary judgment filings, stating only that its filings contained "Confidential Information" pursuant to the Protective Order. (ECF 435.)

In the CERCLA litigation, the Town has filed a motion to compel production of these summary judgment filings by Grumman under Fed. R. Civ. P. 26 and 34 (Case No. 2:05-cv-01945, ECF 194), which is currently being briefed by the parties. In the RCRA litigation, the Town has served discovery requests on Grumman for the same documents. Regardless of the relevance of the summary judgment filings to either litigation, the Town is entitled to have the summary

---

[3] This action has been stayed until a final judgment is entered in the related *Romano* lawsuit. (ECF 705.)



judgment filings in this case unsealed under the presumption of public access. *Lugosch*, 435 F.3d at 124. Because environmental litigation so often involves matters of public concern, relying on the right of public access to information is a typical feature of such litigation, in which Freedom of Information Act and similar requests routinely are made in parallel with discovery.

   Undersigned counsel has conferred with Grumman's counsel in the CERCLA and RCRA litigation, who in turn have conferred with Grumman's insurance counsel in this litigation and have advised the Town that Grumman objects to any unsealing of any documents. Grumman asserts the shared interest between Grumman and its insurers to prevent disclosure of documents or information that could be used to prove Grumman's environmental liabilities. Grumman has acknowledged that the sealed summary judgment record in this case includes historical Grumman documents that Grumman claims to have produced to the Town in the CERCLA or RCRA litigation, but Grumman asserts that the Town (or the general public) has no right to see how Grumman characterized those documents in the litigation before this Court. Instead, Grumman asserts that an insured and its insurers somehow have the right to litigate in federal court their coverage dispute under the cloak of secrecy so that the insured's statements and admissions in the coverage litigation can never be used as evidence or impeachment in other litigation of the liability giving rise to the insurance claim. Grumman turns the presumption of public access on its head. This Court does not seal records of parties' advocacy to enable litigants to assert contradictory positions in other suits. Public access to judicial proceedings is an essential safeguard to prevent such sharp practices and protect the integrity of such proceedings. *United States v. Amodeo*, 71 F.3d at 1044, 1048 (2d Cir. 1995).

   The Town is available for a pre-motion conference on June 20, 2025, or any time thereafter at the Court's convenience, to discuss its proposed motion to intervene for the limited purpose of seeking to unseal the relevant summary judgment filings, and if the filings are unsealed, the most efficient method of re-filing the sealed documents on the public docket.

Respectfully submitted,

*/s/ Matthew F. Prewitt*

Matthew F. Prewitt

cc:   All counsel of record via ECF