

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Rachel Strom**
(212) 402-4069 tel
RachelStrom@dwt.com

November 6, 2025

<u>**VIA ECF**</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:    *The Travelers Indem. Co., et al. v. Northrup Grumman Corp., et al.*,
              **12-cv-03040-KBF [rel. 16-cv-8778-LGS] – Unsealing of Records**

Dear Judge Schofield,

      This firm represents Newsday LLC ("Newsday"). Newsday respectfully writes to alert the Court to an inadvertent error in its Letter Motion requesting the unsealing of records in this action. *See* Dkt. No. 714 (the "Letter Motion").

      In its Letter Motion, Newsday unintentionally quoted language that is not included in the applicable protective orders from this case. Specifically, Newsday asserted that the protective order provides for the designation of "any document, information revealed in an interrogatory response or information during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client." *Id.* at 1, 2, 3. This language comes from a protective order from a separate but related case and, therefore, is not operative in this action.

      In actuality, the protective orders from this case define confidential information as testimony or "any Document or thing that a Party reasonably and in good faith believes to contain confidential information that is not publicly available (such as trade secrets or confidential research, design development, commercial *or other sensitive information*)." Dkt. Nos. 29 and 385 at 2 (emphasis added). And that a party may designate materials "which it reasonably and in good faith believes to contain Confidential Information that is not publicly available." *Id.* at 4, 5.

      In sum and substance, the relevant language from the protective orders from this case has the same practical effect as the original quotes included in Newsday's Letter Motion. The protective orders' sweeping definition of what constitutes confidential information—including other "sensitive information"—falls far short of the First Amendment standard required for sealing. Further, counsel's "good faith" determination that the information "is not publicly available" is not sufficient to meet the "extraordinary circumstances" that would overcome the

Hon. Lorna G. Schofield
October 24, 2025
Page 2

strong presumption of access here. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). While Newsday regrets its error, this inadvertent mistake does not weaken its arguments for why the relevant records should be unsealed.

    We thank the Court for its consideration of this matter.

Davis Wright Tremaine LLP

*/s/ Rachel F. Strom*

Rachel F. Strom
Alexandra M. Settelmayer

cc: Attorneys of Record (via ECF)