UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

TRAVELERS INDEMNITY CO. et al.,                   :
                                                  :
                        Plaintiffs,               :
                                                  :
        -against-                                 :            12 Civ. 3040 (LGS)
                                                  :
NORTHROP GRUMMAN CORP. et al.,                    :            **OPINION & ORDER**
                                                  :
                        Defendants.               :
--------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This Opinion & Order addresses the motion of non-party Newsday LLC ("Newsday") to

intervene pursuant to Federal Rule of Civil Procedure 24(b) in order to unseal certain court filings

made in connection with summary judgment motions in this now-closed action.  Defendants

Northrop Grumman Corporation and Northrop Grumman Systems Corporation (together, "NG")

oppose Newsday's motion in full.  Plaintiffs Travelers Indemnity Company and The Travelers

Indemnity Company of Connecticut (together, "Travelers") oppose Newsday's motion in part.

For the reasons below, the motion is granted in part and denied in part.

## I.      BACKGROUND

### A.      Relevant Procedural History

The instant litigation commenced in 2012 to determine whether NG's insurers -- Travelers

and Century Indemnity Company ("Century") -- had a duty to indemnify or defend NG against

certain claims.

The parties agreed to a Stipulated Protective Order (Dkt. No. 29), which the Court so-

ordered on September 5, 2012.  Pursuant to the terms of that order, any party filing a document

containing confidential information was required to move to file that document under seal,

following the procedures set forth in Judge Katherine B. Forrest's Individual Practices in Civil

Cases.

The parties filed motions for summary judgment on January 4, 2013 (upon which NG moved for reconsideration on July 22, 2013), June 3, 2013 (which was refiled on June 4, 2013), July 18, 2013, October 17, 2013, October 21, 2013, and November 15, 2013.  The motions were decided in 2013 and 2014.  The case was resolved and closed in September 2015.

On October 24, 2025, Newsday filed a letter motion requesting to unseal the filings in connection with motions for summary judgment filed in this litigation.  An Order dated November 12, 2025, denied the motion to unseal and permitted Newsday to file a motion to intervene in the action for the purpose of unsealing the records at issue, provided that the motion identify the records sought to be unsealed with specificity and explain the basis for the delay in the intervention.  Accordingly, Newsday now moves to intervene in order to unseal specified documents filed in connection with summary judgment motions filed in 2013.

**B.    The Motion to Unseal**

The documents Newsday seeks to unseal (collectively, the "Documents"), which are filed entirely under seal or in redacted form, are:

- The following documents relating to the January 2013 motions for summary judgment:

  o The sealed exhibits to Dkt. No. 61, which is the unsealed declaration of John F. Scanlon in support of NG's motion for partial summary judgment, specifically Dkt. Nos. 61-20 to 61-25, 61-27 and 61-28;

  o The sealed exhibits to Dkt. No. 108, which is the unsealed declaration of Shelli L. Calland in connection with NG's motion for partial summary judgment, specifically exhibits 1-6, 11-12, 17-19 and 24-31 at Dkt. No. 111;

  o The redacted letter from Georgia Kazakis to Judge Forrest dated April 23, 2013, relating to NG's motion for partial summary judgment at Dkt. No. 168;

  o The redacted letter from Lynn K. Neuner to Judge Forrest dated May 2, 2013, at Dkt. No. 180;

- The endorsed redacted letter from Laird Hart to Judge Forrest dated May 9, 2021, at Dkt. No. 181, attachments 2-4 and

- The documents described in Dkt. Nos. 57, 66, 87, 88, 111 and 112 as "SEALED DOCUMENT placed in vault" to the extent that these documents relate to NG's motion for summary judgment. Upon examination, those documents relate to the January 2013 motions for summary judgment and are:

    - Dkt. No. 57: Motion to seal certain documents in support of NG's motion for partial summary judgment. As this document is already unsealed, the motion to unseal it is denied as moot.

    - Dkt. No. 66: NG's memorandum of law, Rule 56.1 statement and sealed exhibits to the Scanlon declaration at Dkt. No. 61.

    - Dkt. No. 87: NG's memorandum of law in opposition to Travelers' motion for partial summary judgment, the Scanlon declaration and NG's response to Travelers' Rule 56.1 statement.

    - Dkt. No. 88: Travelers' response and counter Rule 56.1 statement, the declaration of Bryce A. Pashler and Travelers' memorandum of law.

    - Dkt. No. 111: NG's exhibits to the Calland declaration, reply memorandum of law and responses to counter Rule 56.1 statements.

    - Dkt. No. 112: Travelers' reply memorandum of law in support of its motion for partial summary judgment.

- The following documents relating to the June and July 2013 motions for summary judgment:

    - Dkt. No. 202, which is the declaration of Shane R. Heskin in support of Century's motion for summary judgment;

    - Dkt. No. 203, which is the memorandum of law in support of Century's motion for summary judgment;

    - Dkt. No. 205, which is Century's Rule 56.1 statement in connection with its motion for summary judgment;

    - Dkt. No. 260, which is Century's memorandum of law in opposition to NG's motion for reconsideration of a ruling on Century's and Travelers' duty to defend the Town of Oyster Bay action (i.e., Judge Forrest's Opinion & Order resolving the January 2013 motions for partial summary judgment);

    - Dkt. No. 261, which is the Heskin declaration filed by Century in opposition to the

3

motion for reconsideration;

o Dkt. No. 271, which is the Scanlon declaration filed by NG in opposition to Travelers' and Century's joint motion for partial summary judgment, which has redacted exhibits and

o The documents described in Dkt. Nos. 239, 247, 251, 278, 285, 291, 301 and 303 as "SEALED DOCUMENT placed in vault" to the extent that these documents relate to these motions for summary judgment. Upon examination, those documents all relate to the June and July 2013 motions for summary judgment and are:

- Dkt. No. 239: A declaration of Rita K. Maxwell regarding Travelers' insurance policies, declarations of Robert F. Walsh and Meghan E. Canella in support of Travelers' and Century's motion for partial summary judgment regarding the Calverton site, a Rule 56.1 statement of undisputed facts and a memorandum of law in support of Travelers' and Century's motion for partial summary judgment.

- Dkt. No. 247: A proffer of evidence in support of NG's motion for reconsideration and NG's memorandum of law in support of the motion.

- Dkt. No. 251: A memorandum of law in support of Travelers' motion for partial summary judgment, the declaration of Rae C. Adams and a statement of undisputed material facts.

- Dkt. No. 278: NG's memorandum of law in opposition to a motion for partial summary judgment, response to Rule 56.1 statement, exhibits to a Scanlon declaration and declarations of John DeBois, Michael Wolfert and John Cofman.

- Dkt. No. 285: NG's reply in support of its motion for reconsideration, as well as a further proffer of evidence in support of that motion and exhibits to the proffer.

- Dkt. No. 291: NG's memorandum of law in opposition to Travelers' motion for partial summary judgment, response to Rule 56.1 statement of undisputed facts and a declaration of Shelli L. Calland.

- Dkt. No. 301: Travelers' and Century's reply memorandum of law, reply Rule 56.1 statement and declaration of Meghan E. Canella.

- Dkt. No. 303: Travelers' reply declaration of Rae C. Adams in support of its motion for partial summary judgment, reply memorandum of law and reply Rule 56.1 statement.

- The following documents relating to the October and November 2013 motions for summary judgment:

  - The documents described in Dkt. Nos. 347, 359, 379, 388, 395, 402, 421, 424, 436, 441, 450, 464, 479, 493, 494, 498, 499, 501, 521, 537 and 538 as "SEALED DOCUMENT placed in vault" to the extent that these documents relate to these motions for summary judgment. Upon examination, the following documents relate to the October and November 2013 motions for summary judgment and are:

    - Dkt. No. 347: Travelers' statement of undisputed material facts pursuant to Rule 56.1, memorandum of law in support of its motion for summary judgment and declaration of Meghan E. Cannella.

    - Dkt. No. 359: Travelers' Rule 56.1 statements, memoranda of law relating to its motions for summary judgment and declarations of Lynn K. Neuner, Meghan E. Canella and Christopher O. Hultman.

    - Dkt. No. 379: This document did not appear to be in the Court's sealed records vault. NG and Travelers shall use their best efforts to identify the document and locate a copy. Assuming it relates to a motion for summary judgment, NG and Travelers shall file it unsealed pursuant to this Opinion & Order. If they cannot locate it, or they believe it should not be unsealed, they shall confer with Newsday and file a joint letter by **August 12, 2026**, stating proposed next steps.

    - Dkt. No. 388: Century's memorandum of law in support of its motion for summary judgment on the Bethpage facility and community park, Rule 56.1 statement, Heskin declaration and certificate of service.

    - Dkt. No. 395: Travelers' amended Rule 56.1 statement in support of its motion for summary judgment concerning the Bethpage facility.

    - Dkt. No. 402: NG's opposition to Travelers' motion for summary judgment regarding Community Park, response to Travelers' Rule 56.1 statement and Scanlon declaration with related exhibits.

    - Dkt. No. 421: NG's memorandum of law in opposition to Travelers' motion for summary judgment regarding the Bethpage facility, Rule 56.1 Statement response and Calland declaration with related exhibits.

    - Dkt. No. 424: NG's memorandum of law in opposition to Travelers' and Century's motion for summary judgment on water district claims, NG's response to the insurers' Rule 56.1 statement, declaration of Anna St. John and certificate of service.

    - Dkt. No. 436: NG's memorandum of law in opposition to Century's

motion for summary judgment concerning the Bethpage facility and community park, NG's response to Century's Rule 56.1 statement and the Calland declaration with exhibits.

- Dkt. No. 441:  Travelers' reply Rule 56.1 statement, declaration and memorandum of law in support of its motion for summary judgment.

- Dkt. No. 479:  Travelers' reply Rule 56.1 statement, memorandum of law and declaration in support of its motion for summary judgment.

- Dkt. No. 493:  Century's reply memorandum of law, Rule 56.1 statement and declaration in support of its motion for summary judgment and a certificate of service.

- Dkt. No. 494:  Travelers' and Century's reply memoranda of law, Rule 56.1 statements and declarations concerning water district claims. This docket entry also contains a memorandum of law and declaration related to a motion to exclude the expert testimony of Mr. James J. Periconi.  Because those documents do not appear to relate to a motion for summary judgment, the motion to unseal them is denied without prejudice to renewal.

- Dkt. No. 501:  Travelers' amended reply declaration of Meghan E. Cannella in support of its motion for summary judgment concerning the Bethpage facility.

- Dkt. No. 521:  Travelers' corrected declarations of Anna St. John and Shelli L. Calland relating to its motion for summary judgment concerning the Bethpage facility.

- Dkt. No. 537:  The Heskin declaration filed by Century in support of its motion for summary judgment regarding the Bethpage facility and community park.

Omitted from the above list are insurance policies issued to NG by Travelers and other insurers, which Newsday agreed to withdraw from its unsealing motion.  *See* Dkt. No. 728 at 1 n.1; Dkt. No. 731 at 3 n.2.  These are Dkt. Nos. 61-5 to 61-13 (collectively, the "Withdrawn Documents").

Newsday sought to unseal documents that were identified as "SEALED DOCUMENT placed in vault" only to the extent that these documents relate to summary judgment motions.

Accordingly, the following documents are omitted from consideration as part of Newsday's motion because they relate to motions other than summary judgment motions:  Dkt. Nos. 450, 464, 498, 499 and 538.

## II.    LEGAL STANDARD

### A.    Permissive Intervention

The Second Circuit has "recognized a . . . right of news media to intervene . . . to seek unsealing of documents filed in a court proceeding."  *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019).[1]  "A district court has broad discretion in denying permissive intervention, and a denial of permissive intervention has virtually never been reversed."  *A.H. ex rel. E.H. v. N.Y. State Dep't of Health*, 147 F.4th 270, 281 (2d Cir. 2025), *cert. denied sub nom. Disability Rts. N.Y. v. N.Y. State Dep't of Health*, 146 S. Ct. 1788 (2026).

### B.    Motion to Unseal

A three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch*, 435 F.3d at 119.  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*  "Vague and unspecified business concerns" are "insufficient to justify sealing." *LL Funds Admin. Agent, LLC v. Fifth Third Bank, N.A.*, No. 24 Civ. 5496, 2025 WL 2254574, at *2 (S.D.N.Y. Aug. 7, 2025).  That information may "cast [a party] in an unfavorable light" is not, on its own, a basis for sealing. *eShares, Inc. v. Talton*, No. 22 Civ. 10987, 2025 WL 936921, at *23 (S.D.N.Y. Mar. 27, 2025).

"The party or parties seeking to maintain information filed under seal bear the burden to demonstrate that the interests favoring non-access outweigh those favoring access." *Alix v. McKinsey & Co.*, 739 F. Supp. 3d 172, 193 (S.D.N.Y. 2024); *accord United States v. Sehgal*, No. 24 Crim. 46-3, 2026 WL 539650, at *1 (S.D.N.Y. Feb. 26, 2026).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

### C.    Modification of Protective Orders

"It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005); *accord In re Hornbeam Corp.*, No. 14 Misc. 424, 2020 WL 4698955, at *3 (S.D.N.Y. Aug. 13, 2020).  "Where there has been reasonable reliance by a party

or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001); *accord In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011). "[O]nce a protective order has been entered and relied upon, it can only be modified if an extraordinary circumstance or compelling need warrants the requested modification." *In re Teligent*, 640 F.3d at 59.

However, "the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable." *Lugosch*, 435 F.3d at 126. Where "the confidentiality order specifically contemplates that relief from the provisions of the order may be sought at any time . . . it is difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret." *Id.* "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases); *accord McKoy v. Trump Corp.*, No. 18 Civ. 9936, 2024 WL 449979, at *3 (S.D.N.Y. Feb. 6, 2024).

## III. DISCUSSION

The instant litigation is closed, and intervention will not delay or prejudice adjudication of the original parties' rights. Newsday seeks to intervene for the limited purpose of unsealing certain documents in this litigation. Additionally, the intervention is timely because it concerns Newsday's ongoing reporting. The motion to intervene is granted.

The Documents are judicial documents. "It is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches, under both the common law and the

9

First Amendment." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* The Documents that Newsday seeks to unseal were filed in connection with the parties' summary judgment motions. The Documents are judicial documents subject to the presumed right of public access.

Typically, the weight of the presumption of access for filings related to summary judgment "is of the highest," and "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123; *see also Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). "[V]ague and conclusory allegations of potential harm are insufficient to establish good cause." *McKoy*, 2024 WL 449979, at *3.

NG and Travelers each ask for the entirety of dozens of documents to be maintained under seal. Neither NG nor Travelers has offered a competing consideration that outweighs the presumption of public access to the Documents. Nor have NG and Travelers satisfied the requirement that sealing be "narrowly tailored" under *Lugosch*, 435 F.3d at 124.

### A.    NG Fails to Meet Its Burden to Maintain a Seal

NG fails to meet its burden to maintain the Documents under seal. NG has not identified any particular privacy or other interest that NG seeks to protect. NG has not asserted a privacy interest of its own or of its clients and customers. Nor has NG asserted any specific business or other harm that it would suffer as a result of unsealing. NG merely notes that many of the Documents were designated as confidential by the insurance carriers because "they contain

information that the carriers deemed business sensitive."  The insurance carriers can seek to protect their own interests, as Travelers has done in opposing Newsday's motion.

### 1. Reliance on Protective Order

NG argues that allowing Newsday to intervene and unseal the Documents would undermine the parties' reasonable expectations in relying on the parties' Stipulated Protective Order and subsequent sealing orders.  NG further argues that this history provides a presumptive basis to keep the documents sealed.  These arguments are unconvincing for several reasons.  First, the Protective Order itself states that "any Party or other person" may seek modification of the Order "upon notice and a showing of good cause" and that "[t]his Order may be changed by further order of the Court."  This provision undermines NG's assertion that it produced documents in reliance on the fact that the Documents would always be kept secret.  *See Lugosch*, 435 F.3d at 126.  Second, the parties' agreement in the Stipulated Protective Order to treat as confidential documents they designated as confidential is insufficient cause for documents to be sealed in the first instance or for continued sealing.  "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents."  *Bernsten*, 307 F. Supp. 3d at 168; *accord McKoy*, 2024 WL 449979, at *3.  Third, the Documents were sealed pursuant to individual sealing orders that merely relied on a party's designation of the document as "Confidential" pursuant to the Protective Order without balancing the public interest in disclosure against competing privacy or other concerns, as *Lugosch* requires. *See, e.g.*, Dkt. Nos. 59, 86, 89 and 90 (holding that certain documents "shall be filed under seal" because they "have been designated 'Confidential' under the Stipulated Protective Order" or "good cause to do so ha[s] been found").  Unsealing the Documents modifies only those sealing orders, which did not include the particularized inquiry *Lugosch* requires, and does not disturb the

Protective Order.  Fourth, whatever business or other concerns that may have warranted sealing in 2013 are no longer presumptively valid in 2026.

### 2.    Compliance with Order to Identify Documents

NG argues that Newsday's motion should be denied because Newsday failed to comply with the Order dated November 12, 2025, which required Newsday to "identify the records sought to be unsealed with specificity and explain the basis for the delay in the intervention." Dkt. No. 719.  Relatedly, NG argues that the documents identified in the public record only as "SEALED DOCUMENT placed in vault" are insufficiently identified to allow for an assessment of their weight as judicial records and the resulting public interest.

These arguments are unpersuasive.  First, as to specificity, Newsday's memorandum of law in support of the motion identifies each Document by docket number.  Newsday should hardly be faulted for failing to identify by name documents labeled as "placed in vault" without further description.  Each Document is further described above based on the docket entry or the Court's review.  Because the Documents were filed in connection with the parties' summary judgment motions, "as a matter of law [they are] judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  *Brown*, 929 F.3d at 47.  Second, as to Newsday's purported delay in bringing the motion, NG cites no legal obligation to bring an unsealing motion at any particular time and only vaguely complains that "unexplained delay creates undue prejudice and imposes undue burdens on the parties and the Court."

NG argues that Newsday failed to explain why the Documents are "newsworthy, much less relevant to the historical disposal practices that Newsday claims are of public interest." Newsday's declaration in support of the motion explains the newspaper's interest with reference

12

to ongoing litigation against NG in which the Town of Oyster Bay is "highlight[ing] how the current state of the Bethpage Superfund Site is the product of [NG's] past disposal practices." Regardless, NG misperceives the public interest at issue, which is the public interest in "Article III judicial power" and the federal courts.  *See Lugosch*, 435 F.3d at 120.  The presumption of access is not determined by newsworthiness; it is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Brown*, 929 F.3d at 49.  Because the Documents were filed in connection with the parties' summary judgment motions, "as a matter of law [they are] judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  *Id.* at 47.  They need not be "newsworthy" to be unsealed.

### B.    Travelers Fails to Meet Its Burden to Maintain a Seal

Travelers similarly fails to meet its burden to continue sealing the subset of Documents that are the subject of its opposition to Newsday's motion.  This set of documents, which Travelers refers to as "confidential claims materials," although smaller than the full set of Documents, still comprises dozens of documents.  Travelers has not identified a competing interest that outweighs the public interest in disclosure.  Travelers' request for continued sealing also is not "narrowly tailored" under *Lugosch*, 435 F.3d at 124.  *Cf. McKoy*, 2024 WL 449979, at *2.  As noted above, the Withdrawn Documents are no longer a part of Newsday's motion and will remain under seal.

#### 1.    Relevance to Reporting

Travelers argues that Newsday has failed to demonstrate how the confidential claims materials are necessary for its reporting on NG's waste disposal practices.  As explained above,

13

this argument is unavailing because whether the information is necessary and what motives a movant may have in seeking to unseal are legally irrelevant. *See Lugosch*, 435 F.3d at 123. The fact that the Documents are judicial documents gives rise to the strong public interest in transparency in the federal courts which must be overcome by some higher interest in order to warrant sealing. *Id*. at 119.

### 2.    State Law

Travelers argues that the Connecticut Insurance Information and Privacy Protection Act (the "Act"), Conn. Gen. Stat. §§ 38a-975 to 38a-999, prohibits disclosure of personally identifying information obtained during claims investigations, reflecting a strong public policy of protecting an insured's privacy and ensuring candid communications between insurers and insureds. The Act prohibits an insurance company from disclosing "personal or privileged information concerning an individual collected or received in connection with an insurance transaction," except in limited situations. *Id.* § 38a-988. "Privileged information" includes "personally identifiable information that . . . relates to a claim for insurance benefits or . . . is collected in connection with or in reasonable anticipation of a [such a] claim." *Id.* § 38a-976. Travelers invokes the Act but does not explicitly argue that its proscriptions apply here, and they apparently do not. For example, the Act applies to disclosures by insurance companies; the quoted provision protects only an individual's "personally identifiable information," not an insurance company's entire claims process; and the exceptions permitting disclosure include when "permitted or required by law" or "in response to a facially valid administrative or judicial order." *Id.* § 38a-988(7), (8).

These exceptions are consistent with disclosure based on the *Lugosch* analysis, which is rooted in the First Amendment. At most, the Act and Connecticut's public policy are considered

14

as a countervailing factor at the third step of the analysis in which courts consider "competing

considerations." *Lugosch*, 435 F.3d at 120.  Here, the public policy evidenced by the Connecticut

statute does not overcome the presumption of public access.  *See Gov't of U.S. Virgin Islands v.*

*JPMorgan Chase Bank, N.A.*, 807 F. Supp. 3d 301, 312 (S.D.N.Y. 2025) (holding that "the

confidentiality obligations that the Bank Secrecy Act imposes on regulated financial institutions

are distinct from the right of access to judicial documents" and ordering unsealing); *McGuire v.*

*Rawlings Co.*, No. Civ. 375212, 2005 WL 895870, at *7-8 (Conn. Super. Ct. Mar. 14, 2005)

(holding that the Act did not bar disclosure of insureds' personal information because it permits

disclosure "[i]n response to a facially valid administrative or judicial order," and concluding that

a discovery order qualified as such an exception).  To the extent that the Documents contain

personal identifying information as identified in Federal Rule of Civil Procedure 5.2, such

information is protected by that rule.

## IV.    CONCLUSION

For the foregoing reasons, Newsday's motion to intervene is **GRANTED**.

The motion to unseal is **DENIED as moot** as to the following documents:

- Dkt. Nos. 57 and 271 because these documents are not sealed;

- The sealed exhibits to Dkt. No. 271 because they are filed under Dkt. No. 278, which

  is separately unsealed;

- Dkt. Nos. 450, 464, 498, 499 and 538 because Newsday moves to unseal only to the

  extent that these documents were filed in connection with a summary judgment

  motion;

- Dkt. No. 494 but only as to the final two documents in that filing (a memorandum of

15

law and a declaration) which relate to a motion to exclude expert testimony rather than to a motion for summary judgment and

- Dkt. Nos. 61-5 to 61-13 because they are insurance policies which Newsday has withdrawn from its motion, i.e., the Withdrawn Documents.

The motion to unseal is **GRANTED** as to all other Documents (as that term is defined above), except as to any redactions necessary to comply with Federal Rule of Civil Procedure 5.2 and/or to protect individuals' identities or other personal identifying information or medical information.  By **August 12, 2026**, NG and Travelers shall file on the docket the Documents that are newly unsealed pursuant to this Opinion & Order (with redactions as ordered above) and file unredacted versions under seal on the docket.  Each such Document shall be labeled on its face to include the original document number under which it was filed, as well as any other information necessary to identify the document in the context of its original filing (e.g., if not otherwise evident:  the date of the original filing, the party that filed the document, the motion to which the document relates and whether the document was in support of or in opposition to the motion).  The parties may contact chambers for assistance to the extent that they do not have copies of Documents placed in the vault.

The Clerk of Court is respectfully directed (1) not to lift the electronic seal from any unsealed Documents filed on CM ECF, as the parties will effect unsealing by filing new copies and (2) to close the motion at Dkt. No. 723.

Dated: July 29, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**