Originally filed under seal at Docket 112 on Feb. 22, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY COMPANY, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, formerly known as TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as THE AETNA CASUALTY AND SURETY COMPANY, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, formerly known as TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

Plaintiffs,

vs.

NORTHROP GRUMMAN CORPORATION, successor in interest to GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION, successor in interest to GRUMMAN AEROSPACE CORPORATION,

Defendants,

*and*

CENTURY INDEMNITY COMPANY, eventual successor in interest to INSURANCE COMPANY OF NORTH AMERICA,

Nominal Defendant.

CASE NO.: 1:12-cv-03040-KBF

**TRAVELERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

**ECF CASE**

**TRAVELERS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT (A) CERTAIN POLICIES CONTAIN THE NEW YORK STATUTORY POLLUTION EXCLUSION, AND (B) OTHER POLICIES WITH AN "ABSOLUTE" POLLUTION EXCLUSION <u>DO NOT COVER THE CLAIMS IN THIS CASE</u>**

**(FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER)**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT....................................................1

ARGUMENT....................................................2

I. NORTHROP GRUMMAN IS NOT EXEMPT FROM THE MANDATORY NEW YORK POLLUTION EXCLUSION....................................................2

II. NORTHROP GRUMMAN'S REMAINING ARGUMENTS ABOUT WHY THE NEW YORK POLLUTION EXCLUSION DOES NOT APPLY ARE UNAVAILING....................................................5

A. The Repeal Of The New York Pollution Exclusion Is Irrelevant....................................................5

B. Estoppel Does Not Apply....................................................7

C. The Policies' Endorsements Demonstrate That The Policies In Effect From January 1, 1969 To January 1, 1974 Were Renewed On An Annual Basis....................................................9

III. NORTHROP GRUMMAN'S RULE 56(d) REQUEST MUST BE DENIED....................................................10

CONCLUSION....................................................10

## TABLE OF AUTHORITIES

**Page**

### Cases


*Am. Ins. Co. v. Fairchild Indus., Inc.*, 852 F. Supp. 1173 (E.D.N.Y. 1994) ..... 7

*Burke v. State Univ. of N.Y.*, 2012 WL 5986548 (N.D.N.Y. Nov. 29, 2012) ..... 10

*Campaign for Fiscal Equality, Inc. v. State of N.Y.*, 295 A.D.2d 1 (1st Dep't 2002) ..... 3

*Char-Mo Investors, Inc. v. Market Ins. Co.*, 44 N.Y.2d 793 (1978) ..... 5

*Consol. Edison Co. of N.Y., Inc. v. Am. Home Assur. Co.*, No. 600527/01, slip op. (N.Y. Sup. Ct. Nov. 6, 2003) ..... 7

*Dana Woolfson LMT v. Gov't Emps. Ins. Co.*, 862 N.Y.S.2d 794 (N.Y. Civ. Ct. 2008) ..... 6

*Emp'rs Ins. of Wausau v. Duplan Corp.*, 1999 WL 777976 (S.D.N.Y. Oct. 20, 1999) ..... 7

*Halali v. Evanston Ins. Co.*, 779 N.Y.S.2d 119 (2d Dep't 2004) ..... 6

*Hartford Acc. & Indem. Co. v. Chenango Indus. Inc.*, No. 90-1462, slip op. (N.Y. Sup. Ct. Sept. 10, 1993), Vol. 8, Mealey's Lit. Rep. Ins. #12 ..... 7

*In re Ambassador Grp., Inc. Litig.*, 1991 WL 11033784 (E.D.N.Y. Feb. 27, 1991) ..... 7

*In re Application of Di Marti*, 129 N.Y.S. 81 (N.Y. Sup. Ct. 1911) ..... 9

*In re Sept. 11th Liab. Ins. Coverage Cases*, 333 F. Supp. 2d 111 (S.D.N.Y. 2004) ..... 6

*Lawrence v. Morris*, 167 A.D. 186 (1st Dep't 1915) ..... 9

*Lowe v. Feldman*, 168 N.Y.S.2d 674 (N.Y. Sup. Ct. 1957) ..... 9

*Matter of Weiss v. Lavine*, 50 A.D.2d 796 (1st Dep't 1975) ..... 3

*Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145 (2d Cir. 2003) ..... 1, 5, 7

*Northville Indus. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621 (1997) ..... 4, 8

*Occidental Chem. Corp. v. Hartford Acc. & Indem. Co.*, No. 41009/80, Vol. 10, Mealey's Lit. Rep. Ins. #46 (N.Y. Sup. Ct. Sept. 25, 1996) ..... 7

*Ogden Corp. v. Travelers Indem. Co.*, 740 F. Supp. 963 (S.D.N.Y. 1990) ..... 8

*Ogden Corp. v. Travelers Indem. Co.*, 924 F.2d 39 (2d Cir. 1991) ..... 8

**Page**

*Powers Chemco, Inc. v. Fed. Ins. Co.*, 74 N.Y.2d 910 (1989).........8

*Rothschild v. Title Guar. & Trust Co.*, 204 N.Y. 458 (1912).........9

*Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP*, 277 F. Supp. 2d 245 (S.D.N.Y. 2003).........9

*Technicon Elecs. Corp. v. Am. Home Assur. Co.*, 74 N.Y.2d 66 (1989).........8

*Tower Ins. Co. of N.Y. v. Khan*, 941 N.Y.S.2d 560 (1st Dep't 2012).........9

*Travelers Indem. Co. v. Orange & Rockland Utils., Inc*. 2009 WL 2599076 (N.Y. Sup. Ct. Aug. 18, 2009).........6

*Travelers Indem. Co. v. Orange & Rockland Utils., Inc.*, 73 A.D.3d 576 (1st Dep't 2010).........5, 7, 10

**Statutes**

33 U.S.C. § 2716.........4

N.Y. Ins. Law § 3103.........6

N.Y. Ins. Law § 46(13) and (14).........5

**Rules**

Fed. R. Civ. P. 56.........10

**Regulations**

32 C.F.R. § 7-203.22 (1971).........2

46 C.F.R. § 542.5 (1971).........4

**Other Authorities**

Br. for Defendant-Appellant Orange & Rockland Utils., Inc., 2010 WL 8772982 (Feb. 1, 2010).........6

Travelers respectfully submits this reply memorandum of law, together with supporting papers, in further support of its Motion for Partial Summary Judgment that (A) Certain Policies Contain the New York Statutory Pollution Exclusion, and (B) Other Policies with an "Absolute" Pollution Exclusion Do Not Cover the Claims in this Case (the "Motion").[1]

## PRELIMINARY STATEMENT

New York law requires that the New York Pollution Exclusion be read into every insurance policy in effect between September 1, 1971 and September 1, 1982. *Md. Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 159 (2d Cir. 2003). Northrop Grumman asks this Court to ignore this settled law and find that the New York Pollution Exclusion does not apply to the Travelers' Policies in effect during the relevant time. Northrop Grumman's arguments must be rejected.

Northrop Grumman is wrong that a statutory exception for "policies purchased to satisfy the financial responsibility requirements of any federal law" exempts it from the New York Pollution Exclusion. No federal law required Northrop Grumman to purchase "policies" that included ***property damage*** insurance; the regulation requiring Northrop Grumman to purchase other kinds of insurance does not qualify as "federal law"; and that regulation does not impose a "financial responsibility requirement." Because Northrop Grumman strikes out on these multiple grounds, its argument for immunity from the New York Pollution Exclusion is baseless. It is not surprising that no court has endorsed the novel positions Northrop Grumman espouses here.

Northrop Grumman's various other arguments have been rejected by New York courts. The Second Circuit has held that the repeal of the New York Pollution Exclusion is irrelevant to its application to insurance policies issued or renewed between September 1, 1971

---

[1] Northrop Grumman's Opposition concedes that the Policies in effect from January 1, 1985 through January 1, 1995 do not provide coverage for the claims at issue because they contain "absolute" pollution exclusions. Accordingly, Travelers' Motion is unopposed on that point and the Court should enter an appropriate order.

and September 1, 1982. Numerous courts have held that an insurer cannot be estopped from applying New York's mandatory exclusion based on positions taken with regulators or policyholders. And the New York Pollution Exclusion is clear on its face that where, as here, existing policies are ***renewed*** after September 1, 1971, the exclusion applies to the renewed policy. Northrop Grumman does not and cannot cite any authorities in which a court refused to apply the New York Pollution Exclusion. This case does not require a different outcome.

Finally, Northrop Grumman's request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d) must be denied. Travelers' Motion presents a legal question and no additional facts will change the answer.

## ARGUMENT

### I. NORTHROP GRUMMAN IS NOT EXEMPT FROM THE MANDATORY NEW YORK POLLUTION EXCLUSION

Northrop Grumman's argument that it is not subject to New York's mandatory pollution exclusion is baseless. *First*, as Northrop Grumman concedes, the Armed Services Procurement Regulation ("ASPR") that the Navy allegedly incorporated into contracts with Northrop Grumman ***does not require the purchase of environmental property damage insurance coverage***. Opp. at 12. ASPR 7-203.22 (a) only requires the purchase of insurance coverage for "workmen's compensation, employer's liability, comprehensive general liability (bodily injury) and comprehensive automobile liability (bodily injury and property damage)." 32 C.F.R. § 7-203.22 (1971). In other words, a party to a contract that incorporates ASPR 7-203.22 (a) can satisfy its requirements by purchasing a policy that excludes coverage for property damage caused by pollution. The Navy's purported "approval" of certain of the relevant Policies does not alter the regulation's requirements. Indeed, as Northrop Grumman acknowledges, the Navy "approved"

the Policies only "to the extent applicable to the subject contracts."[2] Pierro Decl. Ex. A at NGINS002304534. The documents submitted with Northrop Grumman's Opposition confirm only that the Navy acknowledged that Northrop Grumman purchased the limited insurance it agreed to purchase under the contracts: "The contractor maintains ***required insurance under cost reimbursement type contracts in sufficient limits***." *Id.*, Ex. C at NGINS002304519 (emphasis added). Northrop Grumman purchased additional coverage because it chose to do so, not because it was required to. The Court should end its inquiry here.

*Second*, the ASPR provision that Northrop Grumman claims is incorporated into contracts with the Navy is not "federal law." New York courts have recognized that "regulations, standing alone, are not 'laws.'" *Campaign for Fiscal Equality, Inc. v. State of N.Y.*, 295 A.D.2d 1, 20 (1st Dep't 2002). Indeed, the New York legislature has historically referred separately to federal "law" and "regulations." *See, e.g.*, *Matter of Weiss v. Lavine*, 50 A.D.2d 796, 797 (1st Dep't 1975) ("Our State's Social Services Law (§ 106-b) permits recoupment 'to the extent permitted by federal law and regulations'").[3] Accordingly, by only referring to "federal law" (and not federal regulations), the New York legislature indicated that the exception to the New York Pollution Exclusion applies only to insurance required by federal ***statute*** and not by regulation.

*Third*, ASPR 7-203.22(a) does not impose a "financial responsibility requirement"

---

[2] Northrop Grumman's Policies provided additional coverages that were ***not*** required by ASPR 7-203.22, like coverage for advertising and malpractice injury. *See, e.g.*, Pashler Decl. Ex. 11 at TRAV000448. This does not mean those coverages were "required" to be purchased by Northrop Grumman's contracts with the Navy; Northrop Grumman elected to purchase them.

[3] *Matter of Brown v. Lavine*, 358 N.Y.S.2d 530, 532 (2d Dep't 1974) (Social Services Law § 131 provides the state shall "make provision for payment for such legal services if required by federal law or regulations"); *Rogers v. Williamsburgh Sav. Bank*, 361 N.Y.S. 2d 531, 534 (N.Y Sup. Ct. 1974) (New York Real Property Law § 254-a, effective May 29, 1972, provides "the provisions of this section shall not apply to the extent such provisions are inconsistent with any federal law or regulation").

on Northrop Grumman. APSR 7-203.22(a), unlike the exemplar CFR provisions Northrop Grumman cites, does not use the term "financial responsibility requirement." Opp. at 14 n.10. When the federal government intends to impose a "financial responsibility requirement," it does so explicitly.[4] Faced with a categorical statutory mandate, Northrop Grumman is stretching to invent arguments to escape the statute's reach. Northrop Grumman is rightfully concerned that the New York Pollution Exclusion will bar coverage for its pollution claims in this case. As interpreted by the New York Court of Appeals, coverage may be denied under the New York Pollution Exclusion unless the pollution discharges are abrupt in time ***and*** unexpected in nature, a showing Northrop Grumman will not be able to make. *Northville Indus. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 N.Y.2d 621, 632-33 (1997). Application of these principles to Northrop Grumman is not discretionary or wishful thinking on Travelers' part; it is the law of this State.

Section 46's legislative history confirms that its exceptions were adopted to exempt nuclear facilities required to purchase insurance for property damage. *See* Cannella Decl. Ex. 2.[5] The second phrase in the exception (relating to policies purchased to satisfy financial responsibility requirements of federal law) was added to capture specialized purchasers of insurance in narrow circumstances, subject to federal law, like ships that enter New York ports that are required to purchase policies with no exceptions pursuant to, for example, the Water Quality Improvement Act of 1970. *See* 46 C.F.R. § 542.5 (1971); 33 U.S.C. § 2716; Cannella Decl. Ex. 10 at 2. Northrop Grumman does not fit within these narrow exceptions. The broad mandate of Section 46 provides that the restrictive New York Pollution Exclusion applies to "commercial or industrial enterprises" operating within the State—such as Northrop Grumman.

---

4 *See* Declaration of Meghan E. Cannella, Esq. ("Cannella Decl.") Ex. 1 for a table of provisions that ***do*** impose a "financial responsibility" requirement.

5 *See* Cannella Decl. Ex. 2 for a table of relevant excerpts from the legislative history.

N.Y. Ins. Law § 46(13) and (14). Accepting Northrop Grumman's argument would gut the statute and allow any business in New York that contracts with the federal government to avoid its reach. Not surprisingly, no court has ever adopted such a revolutionary proposal.

## II. NORTHROP GRUMMAN'S REMAINING ARGUMENTS ABOUT WHY THE NEW YORK POLLUTION EXCLUSION DOES NOT APPLY ARE UNAVAILING

### A. The Repeal Of The New York Pollution Exclusion Is Irrelevant

Northrop Grumman claims that the 1982 repeal of the New York Pollution Exclusion means that it should not apply to Travelers' Policies in effect from January 1, 1972 through January 1, 1983. This argument has been explicitly rejected by other courts. In *Maryland Casualty Co. v. Continental Casualty Co.*, the insured argued that policies in effect in 1973 and 1976 should not be read to incorporate the New York Pollution Exclusion. 332 F.3d at 159. The court rejected this argument, enforcing the general rule "that contracts are interpreted in accordance with the law in effect at the time of their formation" and that "the repeal of a statute has no impact upon contractual rights that were established when the statue was in force." *Id.*; *see also Char-Mo Investors, Inc. v. Market Ins. Co.*, 44 N.Y.2d 793, 794-95 (1978).[6] The court concluded there was no change in New York's public policy to cause the statute to be repealed retroactively. *Md. Cas. Co.*, 332 F.3d at 159-60. Other courts have also rejected this argument. *Travelers Indem. Co. v. Orange & Rockland Utils., Inc.*, 73 A.D.3d 576, 577 (1st Dep't 2010) ("*O&R II*").[7]

---

[6] The *Maryland Casualty* court also rejected the insured's "creative" argument that "sudden and accidental" should not be interpreted pursuant to the New York Court of Appeals' *Northville* decision because it post-dates the statute's repeal (an argument Northrop Grumman also makes here). 332 F.3d at 157-58. The court noted that every New York decision to interpret the "sudden and accidental" exclusion did so pursuant to current law, even though the policies at issue were issued years before the court's ruling. *Id.* at 158 n.12.

[7] Br. for Defendant-Appellant Orange & Rockland Utils., Inc., 2010 WL 8772982, at *14-18.

Courts have also rejected Northrop Grumman's argument that Travelers should not be permitted to benefit from the New York Pollution Exclusion because Travelers did not include the exclusion in the Policies. In *Travelers Indemnity Co. v. Orange & Rockland Utilities, Inc.* ("*O&R I*"), the insured argued that Travelers could not rely on the New York Pollution Exclusion when it was not expressly incorporated in the policy, and cited many of the same cases Northrop Grumman cites.[8] The court rejected that argument and concluded: "although the 1970's Travelers Policies either do not contain pollution exclusion clauses or the pollution exclusion clauses fail to track the same language as the Statutory Pollution Exclusion, the statutory language nonetheless is deemed to be included in the policies." 2009 WL 2599076, at *1 (N.Y. Sup. Ct. Aug. 18, 2009).

Northrop Grumman's argument that New York Insurance law mandates interpretation of the Policies "as written" is wrong. Indeed, New York Insurance Law § 3103(a) provides that a policy that omits a provision imposed by law should be enforced as though it includes the omitted provision. *See In re Sept. 11th Liab. Ins. Coverage Cases*, 333 F. Supp. 2d 111, 125 (S.D.N.Y. 2004) ("Policies that are inconsistent with provisions of the insurance law remain valid and binding, but are conformed to the legal requirements"); *Dana Woolfson LMT v. Gov't Emps. Ins. Co.*, 862 N.Y.S.2d 794, 795-96 (N.Y. Civ. Ct. 2008); *Halali v. Evanston Ins. Co.*, 779 N.Y.S.2d 119, 120 (2d Dep't 2004). The New York Insurance Department's approval of the "expected or intended" pollution exclusion in certain of Travelers' policies is irrelevant. Insurance Law § 3103(c), which Northrop Grumman claims is "instructive," applies only in situations "where New York State's Insurance Law requires inclusion of specific policy provisions but permits, in the discretion of the New York Superintendent, substitute provisions which are more

8 *See* Cannella Decl. Ex. 3, Orange & Rockland's Memo. Of Law in Opp. to Plaintiff's Motion for Partial Summary Judgment, *Travelers Indem. Co. v. Orange & Rockland Utils., Inc.*, Index No. 603601/02 (N.Y. Sup. Ct. Dec. 3, 2008) at 9-11.

favorable to the insured than those required by statute." *In re Ambassador Grp., Inc. Litig.*, 1991 WL 11033784, at *7 (E.D.N.Y. Feb. 27, 1991). The New York Pollution Exclusion leaves no room for "substitute provisions." Accepting Northrop Grumman's argument would mean that the New York Pollution Exclusion would never be read into a policy because the absence of an exclusion is always "more favorable" to the insured. Yet every New York court asked to apply the statutory exclusion has concluded that New York law categorically requires the New York Pollution Exclusion in policies in effect from September 1, 1971 through September 1, 1982.[9]

**B. Estoppel Does Not Apply**

Northrop Grumman claims that because Travelers allegedly made certain statements to regulators concerning the pollution exclusions in its policies, it is estopped from arguing that the New York Pollution Exclusion applies. This argument is legally flawed. New York courts have rejected the doctrine of regulatory estoppel. *Emp'rs Ins. of Wausau v. Duplan Corp.*, 1999 WL 777976, at *14 (S.D.N.Y. Oct. 20, 1999) ("[R]egulatory estoppel has received almost universal disapproval. It has been consistently rejected by federal courts across the country and has never been adopted by any New York court."). In *Duplan*, the court "decline[d] to adopt regulatory estoppel as a basis for nullifying operation of the literal terms of the pollution exclusion." *Id.* at *12,*14-15. Moreover, New York courts have consistently held that the

---

[9] *Md. Cas. Co.*, 332 F.3d at 156; *Am. Ins. Co. v. Fairchild Indus., Inc.*, 852 F. Supp. 1173, 1180 n.13 (E.D.N.Y. 1994); *O&R I*, 2009 WL 2599076, at *1; *O&R II*, 73 A.D.3d at 577; Cannella Decl. Ex. 4, *Consol. Edison Co. of N.Y., Inc. v. Am. Home Assur. Co.*, No. 600527/01, slip op. at 5 (N.Y. Sup. Ct. Nov. 6, 2003); Cannella Decl. Ex. 5, *Hartford Acc. & Indem. Co. v. Chenango Indus. Inc.*, No. 90-1462, slip op. (N.Y. Sup. Ct. Sept. 10, 1993), Vol. 8, Mealey's Lit. Rep. Ins. #12; Cannella Decl. Ex. 6, *Occidental Chem. Corp. v. Hartford Acc. & Indem. Co.*, No. 41009/80, Vol. 10, Mealey's Lit. Rep. Ins. #46 at F-1, F-7 (N.Y. Sup. Ct. Sept. 25, 1996). That other courts have enforced varying pollution exclusions as written when those courts were not asked to address the New York Pollution Exclusion is irrelevant. Northrop Grumman does not and cannot cite a single case where a court declined to apply the New York Pollution Exclusion when asked to do so. Indeed, the insured in *O&R II* made this very argument, and the court rejected it. *See* 2010 WL 8772982, at *18-20; *O&R II*, 73 A.D.3d at 577.

"sudden and accidental" pollution exclusion is clear and unambiguous and must be enforced according to its plain terms. *Northville*, 89 N.Y.2d at 631; *Ogden Corp. v. Travelers Indem. Co.*, 924 F.2d 39, 42 (2d Cir. 1991); *Powers Chemco, Inc. v. Fed. Ins. Co.*, 74 N.Y.2d 910, 911 (1989); *Technicon Elecs. Corp. v. Am. Home Assur. Co.*, 74 N.Y.2d 66, 73 (1989).

New York courts have likewise rejected judicial estoppel. The insured in *Ogden Corp. v. Travelers Indemnity Co.* made the very same arguments Northrop Grumman makes here, asserting that Travelers was estopped from taking positions about the pollution exclusions inconsistent with statements Travelers allegedly made to a West Virginia regulator. 740 F. Supp. 963, 967 (S.D.N.Y. 1990). The court rejected this argument because "this circumstance [did not] rise[] to the level of 'playing fast and loose with the courts,' the evil judicial estoppel is meant to address." *Id.* at 968. The court held:

> The phrase 'sudden and accidental' . . . has been the subject of extensive litigation and judicial interpretation by the courts since 1970, including the New York Court of Appeals. ***The Court is not inclined to depart from the interpretation given to this language by the New York Court of Appeals by invoking the doctrine of judicial estoppel here***.

*Id.* (emphasis added). The court also rejected a separate equitable estoppel argument because the insured failed to show reliance. *Id.* Northrop Grumman has likewise made no showing that it relied on Travelers' statements or that alternative insurance arrangements were available.

Finally, it is beyond the pale for Northrop Grumman to argue that Travelers waived the provisions of Section 46 or "ratified" policies with alternative exclusions. Travelers is not at liberty to override the dictates of the New York Legislature. And the terms of the New York Pollution Exclusion must be given the meaning and force provided by New York's highest Court.

Likewise, Travelers' historic agreements to ***defend*** Northrop Grumman in certain cases subject to reservations of its rights to decline coverage are not, as Northrop Grumman claims,

grounds for estoppel. Opp. at 9; *see also* Scanlon Decl. Exs. 56-61. An insurer's duty to defend is broader than its duty to indemnify. *Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP*, 277 F. Supp. 2d 245, 251 (S.D.N.Y. 2003). When an insurer defends its insured and "reserves its right to deny coverage, estoppel and waiver may not be inferred." *Id.* at 254-55; *see also Tower Ins. Co. of N.Y. v. Khan*, 941 N.Y.S.2d 560, 561 (1st Dep't 2012). None of the Northrop Grumman citations involves an insurance policy, and each court found estoppel only when the party seeking to invalidate a contract had fully performed under the contract without reserving its rights.[10]

### C. The Policies' Endorsements Demonstrate That The Policies In Effect From January 1, 1969 To January 1, 1974 Were Renewed On An Annual Basis

The Policies in effect from January 1, 1969 to January 1, 1974 were renewed by Travelers and Northrop Grumman on an annual basis. The primary Policy issued for the period beginning January 1, 1969 was amended by endorsement that provides that an entire new contract was being issued for a subsequent period. Pashler Decl. Ex. 11 at TRAV000480 ("The Policy of which this Endorsement forms a part is ***an entire contract issued for the period Jan 1 1972 to Jan 1 1973***") (emphasis added). Each policy year is governed by a new "entire contract" for that year. *Id.* Similarly, the catastrophic umbrella policy issued for the period beginning January 1, 1969 was amended by endorsement so that it was written only for a one-year term and renewed annually. Pashler Decl. Ex. 12 at TRAV002761. The policy number changed on an annual basis to correspond to the applicable policy period, further demonstrating that the Policy was renewed annually. Northrop Grumman does not even try to tackle the Policy endorsement language referencing annual policy periods or "Renewal Certificates." This language is not subject to contradiction and clearly evidences that these one-year policies were renewed on an annual basis.

---

10 *Lawrence v. Morris*, 167 A.D. 186 (1st Dep't 1915); *In re Application of Di Marti*, 129 N.Y.S. 81 (N.Y. Sup. Ct. 1911); *Lowe v. Feldman*, 168 N.Y.S.2d 674 (N.Y. Sup. Ct. 1957); *Rothschild v. Title Guar. & Trust Co.*, 204 N.Y. 458 (1912).

Northrop Grumman's reliance on *O&R II* is misplaced. In *O&R II*, there was no evidence that the policy in effect from January 1, 1970 to January 1, 1973 was amended or renewed. 73 A.D.3d at 577. Here, where the Policies in effect from January 1, 1972 through January 1, 1974 were renewed after September 1, 1971, the New York Pollution Exclusion must be applied.

**III. NORTHROP GRUMMAN'S RULE 56(d) REQUEST MUST BE DENIED**

Northrop Grumman's request for additional discovery pursuant to Rule 56(d) is unwarranted. Travelers' Motion presents a legal issue: whether the Policies in effect from January 1, 1972 to January 1, 1983 include the New York Pollution Exclusion by operation of New York statutory law. *See Burke v. State Univ. of N.Y.*, 2012 WL 5986548, at *8 (N.D.N.Y. Nov. 29, 2012) (denying Rule 56(d) request where question presented was "an issue of law to be determined by the court"). No amount of fact discovery will alter the legal conclusion the Court must reach under settled New York law. Indeed, the topics for the additional discovery Northrop Grumman seeks have been rejected by New York courts as justifications for ignoring the New York Pollution Exclusion. *See supra* Point II. New York law is clear that whatever Travelers said to regulators or anyone else has no bearing on whether the New York Pollution Exclusion is read into the Policies as a matter of law. *Id*. Accordingly, Northrop Grumman's request for additional discovery should be denied.

**CONCLUSION**

Travelers respectfully requests that the Court grant its Motion for Partial Summary Judgment that (a) the Policies in effect from January 1, 1972 through January 1, 1983 must be read to incorporate the New York Pollution Exclusion, and (b) the Policies in effect from January 1, 1985 through January 1, 1995, which contain an "absolute" pollution exclusion, do not provide coverage for the claims at issue in this case.

Respectfully submitted:

Dated: February 22, 2013
New York, New York

By: [signature]
Mary Beth Forshaw
Lynn K. Neuner
Meghan E. Cannella

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, N.Y. 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
mforshaw@stblaw.com
lneuner@stblaw.com
mcannella@stblaw.com

*Attorneys for Plaintiffs The Travelers Indemnity Company, The Travelers Indemnity Company of Connecticut, Travelers Casualty and Surety Company, and Travelers Property Casualty Company of America*